595 So.2d 325 (1992)
Sonya Johnson WILLIAMSON, Plaintiff-Appellee
v.
CIGNA/INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellant.
No. 91-984.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
Writ Denied April 3, 1992.
*326 Brook, Morial, Cassibry, Pizza & Adcock, Mitchell J. Landrieu, New Orleans, for plaintiff-appellee.
Jeansonne & Briney, Wm. F. Page, Carl W. Robicheaux, LaFayette, for defendant-appellant.
Before DOUCET, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
This worker's compensation case is before us on its second appeal, back here from a remand. The remand was to allow the plaintiff, Sonya Williamson, to pursue her demand for attorney's fees based on her contention that CIGNA, the employer's insurer, had been arbitrary and capricious in not paying benefits. While the case was on remand, Sonya Williamson also demanded certain disputed medical expenses.
The trial court heard the evidence regarding CIGNA's conduct and found that CIGNA had been arbitrary and capricious in not paying benefits and awarded attorney's fees in the amount of $11,000. In addition, the trial judge awarded $6,724.70, as an item of medical expense, for the services of Dr. Robert Voogt for the preparation of a "life care plan." Also, it awarded $30,450 for the services of Arlone Belaire for "home care." CIGNA now appeals these three awards. We affirm for the following reasons.

ATTORNEY'S FEES
A brief recitation of the history of this claim is necessary. Sonya Williamson suffered an electrical shock in July 1989 allegedly while in the course and scope of her employment with Seahorse Farms, CIGNA's insured. The shock damaged her brain, leaving her severely disabled physically and mentally.
She submitted her claim to the Office of Worker's Compensation. The OWC recommended the payment of worker's compensation benefits, plus penalties from January 8, 1990. Sonya Williamson accepted the recommendation. CIGNA failed to give timely notice of a rejection of the OWC recommendation. CIGNA refused to honor a certificate issued by the OWC which stated that no party had rejected the recommendation and that it was therefore conclusively presumed accepted. When *327 sued to enforce the recommendation, CIGNA defended on the ground that it had rejected the recommendation because it had valid defenses to the claim. The trial judge granted a summary judgment ordering CIGNA to pay benefits in accordance with the unrejected-and-therefore-conclusively-presumed-accepted recommendation. CIGNA appealed and we affirmed the summary judgment. 576 So.2d 1185.
On remand, CIGNA denied that its conduct had ever been arbitrary and capricious, reiterating its argument that it had timely rejected the recommendation of the OWC and that it had valid defenses to the claim, including the defense that the injury did not occur in the course and scope of Sonya Williamson's employment with Seahorse Farms.
CIGNA continues to employ these same arguments on this second appeal, complaining that the summary judgment against it was based on "technical" as opposed to "substantive" reasons. It complains in its brief that no court has "ever once considered the facts which form the basis of this alleged work-related claim." This defense of its conduct is what CIGNA offers to avoid the assessment of attorney's fees.
The summary judgment was granted because CIGNA failed to notify OWC timely of its rejection. This inaction triggered the conclusive presumption of acceptance. La.R.S. 23:1310.1. CIGNA had the right to seek a modification of the recommendation at any time after six months from the date of the acceptance. La.R.S. 23:1331(C). In the meantime, however, it had an obligation to carry out the agreement pursuant to the recommendation. Turner v. Maryland Cas. Co., 518 So.2d 1011 (La.1988). Its refusal to comply with the law was the conduct which the trial court found to be arbitrary and capricious. We agree with the trial court. We also find no abuse of discretion in the trial court's award of an attorney's fee of $11,000.

THE LIFE CARE PLAN
The recommendation of the OWC that temporary total benefits be paid to Sonya Williamson included the recommendation that all related medical expenses be paid in accordance with law. The trial judge ordered the defendant to pay the bill of Dr. Robert Voogt, a rehabilitation specialist, as a medical expense. This bill was for $6,724.70, and represented the cost for the preparation by Dr. Voogt of a "life care plan." Dr. Robert T. Martinez, a neurologist who had been treating the plaintiff, testified that the plaintiff needed a rehabilitation program. Both Dr. Voogt and Dr. Martinez testified that Sonya Williamson was not a patient who could ever be rehabilitated for work. She was too bad off for that. The rehabilitation they had in mind would possibly help her become more independent in her activities of daily living. The "life care plan" prepared by Dr. Voogt was a study of Sonya Williamson's physical and health care needs, immediate rehabilitation needs, long-term rehabilitation needs, and an estimate of the costs to meet those needs.
CIGNA argues that Sonya did not follow the procedural requirement of La.R.S. 23:1226, dealing with rehabilitation of the injured worker, and therefore the bill of Dr. Voogt is not recoverable. Alternatively, CIGNA argues that the preparation of a "life care plan" cannot be regarded as a medical expense, which La.R.S. 23:1203 requires the employer to pay, because no medical treatment or therapy was involved.
We agree that Dr. Voogt's bill is not recoverable as a rehabilitation service under La.R.S. 23:1226. The rehabilitation under that statute is for vocation purposes. The goal of rehabilitation services is to return a disabled worker to work, with a minimum of retraining, as soon as possible after an injury occurs. La.R.S. 23:1226(B)(1). As both experts testified, Sonya Williamson will never be able to return to work, and it would be useless to attempt vocational rehabilitation in her case.
What the experts were talking about was rehabilitation, either medical or non-medical, designed to cure or alleviate an injury or disease. See Koslow v. E.R. *328 Desormeaux, Inc., 428 So.2d 1275 (La.App. 3rd Cir.1983). In a worker's compensation case, the employer has a duty to furnish all necessary medical and non-medical services. La.R.S. 23:1203(A) reads:
§ 1203. Duty to furnish medical expenses; prosthetic devices; other expenses
A. In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services. All such care, services, and treatment shall be performed at facilities within the state when available. The obligation of the employer to furnish such care, services, treatment, drugs, and supplies, is limited to the reimbursement determined to be the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies, as determined under the reimbursement schedule annually published pursuant to R.S. 23:1034.2 or the actual charge made for the service, whichever is less.
The trial judge in the present case made a factual determination that the "life care plan" was a necessary step in her physical and mental rehabilitation, and that it was a legitimate expense under La.R.S. 23:1203(A). Both experts testified she needed rehabilitation. There was no evidence to the contrary. We can find no clear error in this finding. Rosell v. ESCO, 549 So.2d 840 (La.1989). We affirm the award of Dr. Voogt's bill.

NURSING CARE
Dr. Martinez explained Sonya's situation. She was wheelchair bound, unable to talk, and had significant loss of control of her bodily functions. She drooled. She wore a diaper. She could not feed herself. In fact, she could do almost nothing for herself. He testified that she had to have nursing care, of a type more than custodial. He said that the lady really could not do her activities of daily living. Her husband worked and her small children were incapable of giving her the required care. He described one aspect of her nursing requirements this way:
The major thing that you want is to protect her from developing secondary type of infections and skin breakdown. And if she does get skin breakdown, that needs attention rather quickly. And, you know, it's an inglorious type of work, but it's taking care of bowel and bladder activity and lungs and moving around and bathing them, watching the skin, making sure proper positioning is done, this type of thing.
Mrs. Arlon Belaire, the plaintiff's mother-in-law, moved in on August 7, 1989, and began taking care of Sonya on a 24-hour basis. She testified that she fed Sonya, monitored her vital signs, took care of her personal hygiene, changed her diapers, bathed her, and otherwise cared for her on a continuous basis, with some help from Sonya's husband. Mrs. Belaire was experienced in this kind of work. She worked in a hospital for five years and thereafter did convalescent or nursing care for various individuals. She sent bills to CIGNA for her nursing care for Sonya up to the trial of this case. The bills were at the rate of $50 a day, and totalled $30,450.
The trial judge found that Sonya had established that the attendant services of Mrs. Belaire were necessary. There was evidence that Mrs. Belaire's charges were reasonable, and less than the charges for equivalent round-the-clock services obtainable elsewhere. The rehabilitation expert, Dr. Voogt, testified that, based on his observation of the patient, her nursing care had been excellent.
We agree with CIGNA that the practice of hiring family members for home care services sought to be made a covered expense under La.R.S. 23:1203(A) must be scrutinized carefully. However, benefits for home health care of an injured employee requiring help with basic, personal hygiene tasks, has been held legally payable under certain circumstances. Levitz Furniture Corp. v. Horne, 477 So.2d 824 (La. App. 5th Cir.1985). In Sonya's case, personal *329 care was necessary because of her virtual helplessness. In such a case, the employer has a duty to furnish the expense of such care under La.R.S. 23:1203(A) as non-medical treatment.
CIGNA argues additionally that, in the event we affirm the trial court's awards for the "life care plan" and the home care services, we should nevertheless apply La.R.S. 23:1142 to limit the amount of each award to $750. This statute places a "cap" of $750 on certain medical services when not agreed to by the worker's compensation insurer.
We find that the statute is not applicable in this case. Subsection (E) contains an exception in the event the insurer has denied that the employee's injury is compensable. In such a case no prior approval is required before the provision of any diagnostic testing or treatment for the injury. In the present case CIGNA has always denied that Sonya's injury is compensable.
For the above reasons the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.