DOUCET, Judge.
This is an appeal from a trial court judgment in a workers’ compensation suit.
Luchious Jefferson was injured on December 7, 1989, while working as a timber cutter for Greer Timber Co. (Greer). A part of a tree fell and hit him in the face, fracturing his cheekbone. Although he sought care, the fracture was not discovered until December 21, 1989. Dr. Keith Christy performed surgery on December 22,1989 to repair the fracture. Dr. Christy released Jefferson to go back to work on January 25, 1990. Jefferson, however, did not return to work, alleging that he was still disabled.
On March 8, 1990, Jefferson filed a claim for workers’ compensation. Although Greer and its workers’ compensation insurer, Travelers Insurance Company, do not dispute that Jefferson was temporarily totally disabled between December 7, 1989 and January 25, 1990, no compensation payments for the period were made until June 4, 1990.
The case was tried on April 5, 1991. Judgment was rendered in favor of the plaintiff and against the defendants as follows:
Temporary total disability benefits of $233.35 per week from 12/8/89-1/25/90 less a credit for amounts previously paid by the defendants, plus a 12% penalty for arbitrary and capricious failure to pay. Supplemental earnings benefits from December 8, 1989, for so long as plaintiff is unable to earn 90% of his pre-injury wages of $350.00/week but for no longer than 520 weeks.
Attorneys fees of $2,000.00.
Medical expenses of $1,084.75.
Claimant reimbursement of medical expenses of $1,098.00.
Mileage reimbursement and court costs.
Defendants appeal.
DISABILITY/SUPPLEMENTAL EARNINGS BENEFITS
Defendants argue first that the Hearing Officer erred in finding that the claimant is disabled. Defendants further argue that the Hearing Officer erred in finding that the plaintiff was entitled to supplemental earnings benefits (SEB) from January 25, 1990. Since defendants have admitted that Jefferson was temporarily totally disabled from December 8, 1989 through January 25, 1990, we will treat *23 these two assignments of error together as an argument against Jefferson’s entitlement to SEB.
To qualify for SEB, a claimant must prove by a preponderance of the evidence that a work related injury resulted in his inability to earn wages equal to 90% or more of his wages at the time of injury. Clark v. Welex, a Halliburton Co., 517 So.2d 1186 (La.App. 3d Cir.), writ denied, 521 So.2d 1170 (La.1988). Once the plaintiff has met this threshold requirement, benefits are calculated at “sixty-six and two-thirds percent of the difference between the average monthly wages at the time of injury and average monthly wages the employee is able to earn_” La.R.S. 23:1221(3)(a).
If the employee is not employed or self-employed or is earning less than he is able to earn, the employer must then show the employee is physically capable of performing employment which is offered or available. La.R.S. 23:1221(3)(c)(i).
Tassin v. Cigna Ins. Co., 583 So.2d 1222, 1225-1226 (La.App. 3 Cir.1991).
Defendants argue that Jefferson is not entitled to SEB because he was released to work without limitation on January 25, 1990, and did not do so. However, other medical testimony indicates that Jefferson suffered from post-traumatic headaches and was unable to do more than light duty work.
Entitlement to benefits under the worker’s compensation act is based upon the claimant’s ability or inability to earn wages. Under La.R.S. 23:1221(3)(c)(i), if an employee is not working, then the employer must prove that employment which the claimant is physically able to perform has been offered or is available.
(citation omitted)
Tassin, supra, at p. 1226.
Defendants introduced no evidence which would tend to meet this burden. Accordingly, we find no error in the award of SEB.
AVERAGE WEEKLY WAGE
Defendants argue that Jefferson’s average weekly wage was incorrectly calculated. At trial, the parties stipulated that Jefferson had worked for Greer for six days prior to his accident at a rate of $70 per day receiving a total of $420 for the six days of work.
The calculation of the average weekly wage for persons employed on a per diem basis is governed by La.R.S. 23:1021(10)(d):
Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six period and multiplied by four; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by four.
Since Jefferson had worked for Greer for only six days before the accident, Jefferson’s benefits should have been based on an average weekly wage of $280.00. The judgment will be amended to reflect this wage.
ATTORNEYS FEES
The hearing officer in her reasons for judgment stated that she would award an attorneys fee of $2,000.00 because of the “insurer’s
failure to provide proper and adequate medical treatment, arbitrary and capricious for refusal to timely pay temporary total disability for the period between the date of accident and January 25, 1990 and improper refusal to reimburse benefits under SEB upon receipt of proof of Post Tranmatic [sic] Headache on April 5, 1990 retroactive to January 25, 1990.”
*24 Defendants argue that this award should be eliminated or reduced because they did not fail to provide adequate medical treatment and because their failure to pay SEB was reasonable under the circumstances.
After reviewing the record in this matter, we conclude that the attorneys fee was reasonable even if based only on defendants' failure to timely pay temporary total disability benefits. Defendants do not contest the fact that Jefferson was temporarily totally disabled from December 8, 1989 until January 25, 1990. Further, they make no excuse for the fact that they failed to make any payment of benefits until June, 1990. Defendants arbitrarily, capriciously and without probable cause failed to timely pay benefits due to Jefferson. As a result, defendants are subject to the payment of a reasonable attorneys fee. La.R.S. 23:1201.2. Two Thousand Dollars appears to be a reasonable fee under the circumstances even without reaching the questions of failure to provide adequate medical care and failure to pay SEB.
NON-EMERGENCY MEDICAL CARE
Finally, defendants argue that the trial judge erred in awarding non-emergency medical expenses in excess of $750.00. Defendant bases its argument on La.R.S. 23:1142(B) which provides that:
B. Nonemergency care. Except as provided herein, each health care provider may not incur more than a total of seven hundred fifty dollars in nonemer-gency diagnostic testing or treatment without the mutual consent of the payor and the employee. Except as provided herein, that portion of the fees for non-emergency services of each health care provider in excess of seven hundred fifty dollars shall not be an enforceable obligation against the employee or the employer or the employer’s worker’s compensation insurer unless the employee and the payor have agreed upon the diagnostic testing or treatment by the health care provider.
However, defendants have chosen to ignore La.R.S. 23:1142(E):
In the event that the payor has denied that the employee’s injury is compensa-ble under this Chapter, then no approval from the payor is required prior to the provision of any diagnostic testing or treatment for that injury.
Defendants, in arguing that Jefferson was not disabled, have made much of the fact that after being released on January 25, 1990 by Dr. Christy, Jefferson sought no further medical treatment until March 29, 1990. On April 16, 1990, long before Jefferson had incurred $750.00 in non-emergency medical care, defendants filed a general denial in answer to his compensation suit, thereby relieving Jefferson of the requirement that he receive the defendants’ approval as outlined in La.R.S. 23:1142(B).
CONCLUSION
The judgment of the trial court is amended to reflect that benefits are to be calculated based on an average weekly wage of $280.00. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the defendants.
AFFIRMED AS AMENDED.