633 So.2d 690 (1993)
Dwayne HERRELL
v.
TEMPO[1] PERSONNEL.
No. 93 CA 0713.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
Writ Denied March 18, 1994.
*691 Arthur Cobb, Baton Rouge, for plaintiff-appellant Dwayne Herrell.
Lelia A. Collier, Lafayette, for defendant-appellee Tempo Personnel.
Before LOTTINGER, C.J., and FOGG and PITCHER, JJ.
LOTTINGER, Chief Judge.
Plaintiff-appellant, Dwayne Herrell, was injured on August 28, 1991, during the course and scope of his employment when the lid of a tank truck fell on his hand, crushing two fingers. He was taken to Our Lady of the Lake Hospital in Baton Rouge, Louisiana, where Dr. Thad Broussard performed surgery.
Defendants-appellees, Tempco Personnel and Insurance Company of North America, paid plaintiff compensation at the rate of $168.52 a week. On December 1, 1991, defendants terminated benefits based on Dr. Broussard's November 20, 1991 report which stated that the plaintiff should be able to return to work in December. In subsequent reports however, Dr. Broussard suggested that the plaintiff return to work in January and then in February. Finally, in a report dated February 28, 1992, Dr. Broussard released the plaintiff to full duty work effective March 15, 1992.
On March 4, 1992, the plaintiff began treatment with Dr. Thomas B. Finn, a chiropractor. According to Dr. Finn, the plaintiff was unable to work from the date of his first visit until his most recent visit of May 4, 1992.
The plaintiff filed a claim with the Office of Worker's Compensation Administration on March 5, 1992. The hearing officer concluded that the plaintiff was temporarily totally disabled from December 2, 1991, until March 15, 1992, and ordered past due benefits at the rate of $168.52 per week. The hearing officer also determined that the defendants were liable for 12% penalties and $2,000 in attorney fees for failing to investigate the plaintiff's condition after receiving conflicting medical reports. Additionally, the hearing officer awarded the plaintiff $750 for payment of Dr. Finn's services.
On appeal, the plaintiff raises three specifications of error:
(1) The Administrative Hearing Officer was correct in finding the defendant liable for 12% penalties and attorney fees, where the defendant terminated compensation and then failed to investigate after receiving conflicting medical reports from the same physician, and a medical report from Dr. Finn indicating continued disability.
(2) The Administrative Hearing Officer committed manifest error by denying continuing compensation after 3 March 1993 [sic].
(3) The Administrative Hearing Officer committed manifest error by awarding the statutory maximum of $750 for payment of Dr. Finn's services, although the defendant denied compensation for Mr. Herrell's continuing disability, and thus should be 100% liable for Dr. Finn's services.

PENALTIES AND ATTORNEY FEES
We need not address this assignment of error as plaintiff agrees with the trial court's findings regarding penalties and attorney fees.

DISABILITY
In this assignment of error, the plaintiff asserts that the hearing officer erred in finding that his disability terminated on March 15, 1992.
*692 Determinations of disability and length of disability are factual findings made by the trier of fact. Dailey v. Royal Insurance Company, 551 So.2d 55, 57 (La.App. 1st Cir.1989), writ denied, 558 So.2d 1129 (La. 1990); City of Baton Rouge v. Noble, 535 So.2d 467, 472 (La.App. 1st Cir.1988), writ denied, 539 So.2d 632 (La.1989). In making these determinations, the totality of medical and lay evidence must be examined. Dailey, 551 So.2d at 57. Reviewing courts must afford great weight to the trier of fact's disability determinations. Id. Absent a finding of manifest error, factual determinations of disability may not be disturbed. Id.
In this case, the hearing officer was presented with medical records and with the plaintiff's testimony. In making the factual finding concerning disability, the hearing officer had to evaluate the credibility of Dr. Broussard, Dr. Finn, and the plaintiff.
Dr. Broussard, a board certified orthopedic surgeon, performed surgery and treated the plaintiff for over seven months. According to Dr. Broussard, the plaintiff was capable of returning to full duty work on March 15, 1992. On the other hand, Dr. Finn, a chiropractor, stated that as of May 4, 1992, the plaintiff was still unable to return to work. Dr. Finn did not perform surgery and began treatment only after Dr. Broussard declared that the plaintiff was capable of returning to work. Additionally, the plaintiff testified that he could not work because he was still unable to make a full fist.
In holding that the plaintiff's disability terminated on March 15, 1992, the hearing officer decided to credit Dr. Broussard's testimony rather than the testimony of Dr. Finn or the plaintiff. This decision cannot be clearly wrong. Accordingly, that portion of the hearing officer's judgment pertaining to the length of disability is affirmed.

RECOVERY OF MEDICAL SERVICES
Finally, plaintiff argues that the hearing officer erred in awarding only $750.00 in nonemergency medical expenses for Dr. Finn's services. La.R.S. 23:1142 provides for the reimbursement of medical expenses in worker's compensation cases. This case concerns the applicability of subsections B and E of La.R.S. 23:1142. These subsections provide:
B. Nonemergency care. Except as provided herein, each health care provider may not incur more than a total of seven hundred fifty dollars in nonemergency diagnostic testing or treatment without the mutual consent of the payor and the employee. Except as provided herein, that portion of the fees for nonemergency services of each health care provider in excess of seven hundred fifty dollars shall not be an enforceable obligation against the employee or the employer or the employer's worker's compensation insurer unless the employee and the payor have agreed upon the diagnostic testing or treatment by the health care provider.
E. Exception. In the event that the payor has denied that the employee's injury is compensable under this Chapter, then no approval from the payor is required prior to the provision of any diagnostic testing or treatment for that injury.
Plaintiff contends that by terminating his benefits on December 1, 1991, the defendant essentially denied that his injuries were compensable, thereby placing his reimbursement claim within the exception contained in subsection E. Plaintiff concludes that under this subsection, he is entitled to a 100% reimbursement for medical expenses incurred after December 1, 1991. Defendants contend that subsection E applies only in cases where the payor denies that the injury occurred or that it occurred during the course and scope of the claimant's employment. Defendants assert that because they acknowledged the plaintiff's injury as compensable from August 28, 1991, until December 1, 1991, there was no "denial of compensability" as contemplated by subsection E. Therefore, they conclude that subsection B's $750.00 reimbursement limit is applicable.
In support of their argument, defendants cite Williamson v. CIGNA/Insurance Company of North America, 595 So.2d 325 (La. App. 3rd Cir.), writ denied, 596 So.2d 197 (La.1992). In Williamson, CIGNA defended the claim of Ms. Williamson on the basis that her injuries had not occurred during the course and scope of her employment. Id. at 327. The court held that subsection E applied *693 because the insurance company had always denied that the employee's injuries were compensable. Id. at 329. Thus, the $750.00 cap contained in subsection B was inapplicable and all medical expenses incurred by the employee were payable by the insurance company. Id.
In Jefferson v. Greer Timber Company, 618 So.2d 21 (La.App. 3rd Cir.1993), the Third Circuit again addressed the issue of reimbursement of medical expenses. In Jefferson, the defendants admitted that Mr. Jefferson was disabled from December 7, 1989, until January 25, 1990. Id. at 22. However, the trial court granted plaintiff more than $750.00 in nonemergency, unauthorized medical expenses. Id. In affirming the award, the court of appeal noted that the defendants filed a "general denial" in answer to the plaintiff's compensation claim, thus relieving the plaintiff of the consent requirement contained in subsection B. Id. at 24.
While Williamson clearly supports the defendant's contention that subsection E applies in cases involving a total denial of compensability, Jefferson illustrates that subsection E may also apply when a defendant, who initially recognized an injury as compensable, suddenly terminates a claimant's benefits.
The plain language of subsection E requires us to reach the same result as the Third Circuit did in Jefferson. Subsection E does not specify "when" a denial of compensability must occur; it merely states that if the payor denies that an injury is compensable, the employee need not seek approval for medical treatment. Thus, subsection E applies regardless of when a denial of compensability occurs.
On December 1, 1991, the defendants denied that the plaintiff's injury was compensable. At that moment, the plaintiff was relieved of the requirements contained in subsection B and fell within the exception contained in La.R.S. 23:1142(E).
Although subsection E does not require a claimant to seek approval prior to receiving medical treatment, reimbursement of all medical expenses are limited to those which are necessary. La.R.S. 23:1203(A)[2]. Implicit in the hearing officer's holding that the plaintiff was entitled to $750.00 in medical expenses was the finding that Dr. Finn's services were necessary.[3] Because the record indicates that the treatments improved the plaintiff's condition, we agree with the hearing officer's finding that they were necessary. Therefore, reimbursement for Dr. Finn's treatments must be made in accordance with La.R.S. 23:1203(A). Bills representing treatment rendered by Dr. Finn totaling $3,030 were entered into evidence, and thus we conclude that amount should be awarded plaintiff.

CONCLUSION
For the above and foregoing reasons, that portion of the judgment pertaining to reimbursement of medical expenses rendered by Dr. Finn is amended to $3,030, and as amended the judgment is affirmed. Costs are assessed against the appellees.
AMENDED and AFFIRMED.
NOTES
[1] Although the cover of the record refers to defendant-appellee as "Tempo", the correct spelling should be "Tempco".
[2] La.R.S. 23:1203(A) provides:

§ 1203. Duty to furnish medical expenses; prosthetic devices; other expenses
A. In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services. All such care, services, and treatment shall be performed at facilities within the state when available. The obligation of the employer to furnish such care, services, treatment, drugs, and supplies, is limited to the reimbursement determined to be the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies, as determined under the reimbursement schedule annually published pursuant to R.S. 23:1034.2 or the actual charge made for the service, whichever is less.
[3] The Louisiana jurisprudence is clear that medical reimbursements are not coextensive with the period of disability. Brown v. Georgia Casualty and Surety Company, 490 So.2d 639 (La.App. 2nd Cir.1986). Thus, the hearing officer could properly determine that although the plaintiff was no longer disabled, Dr. Finn's services were necessary.