689 So.2d 471 (1996)
Sandra CLIFTON, Plaintiff-Appellant,
v.
RAPIDES REGIONAL MEDICAL CENTER, Defendant-Appellant.
No. 96-509.
Court of Appeal of Louisiana, Third Circuit.
October 9, 1996.
*472 W. Jay Luneau, Alexandria, for Sandra Clifton.
Samuel Newman Poole, Jr., Alexandria, for Rapides Regional Medical Center.
Before SAUNDERS, SULLIVAN and GREMILLION, JJ.
GREMILLION, Judge.
This is an appeal from a decision of the Office of Workers' Compensation. The employer, Rapides Regional Medical Center, appeals the imposition of attorney's fees and penalties while the employee, Sandra Clifton, appeals the hearing officer's decision that she was not entitled to disability benefits after April of 1994 and in not allowing the rebuttal testimony of her previous attorney to be admitted into the record. We affirm the decision of the hearing officer.

FACTS
On January 27, 1993, Clifton was employed by Rapides in the housekeeping department. While at work, she was told to report to the emergency room to clean a spill from a broken bottle. She was not told that the bottle contained the hazardous chemical Phenol and she proceeded to clean the spill without the use of any protective clothing. Approximately one and a half hours later, Clifton was told to bring the mop, the mop water, the towels, and any other materials she used to clean the spill back to the emergency room. When she returned to the emergency room, she found that fire fighters in protective clothing had been called to the scene to set up exhaust fans and evacuate the area. Later that day, Clifton was once again called to the emergency room to be examined by Dr. David Shepard. *473 She related to him that her eyes, mouth, and tongue were burning. After the examination, she returned to her normal duties. The next day, she noticed that she was developing a rash, and complained of having headaches and being able to still smell and taste the Phenol. She saw Dr. Jack Cappell at the Industrial Medicine Clinic and was prescribed medication for the rash. She continued to be treated at the Industrial Medicine Clinic and was then referred to Dr. Tunca Ertan, a pulmonary specialist at Rapides. Clifton was also referred to a psychiatrist, Dr. Harry Guiterrez, by the Employee Assistance Program at Rapides. After consultation with Dr. Guiterrez, Clifton decided to seek her own choice of treating physicians, Dr. Stuart Kutz, because she felt uncomfortable with Dr. Guiterrez.
Dr. Kutz treated Clifton for depression and anxiety and placed her on antidepressants and started her on a regiment of episodic supportive therapy. Clifton also saw Dr. Robert Rush for medical treatment. Relying on the results of a battery of tests, Dr. Kutz concluded that she was not malingering.
Dr. Kutz released Clifton from his treatment in March of 1994. She returned to see him in August of 1994 when she began having additional problems. Dr. Kutz actively treated Clifton and on March 6, 1995, he reported that Clifton was still having headaches, numbness in her hands, difficulty breathing, and mild insomnia. Dr. Kutz continued to treat her through the time of the trial.
Clifton was also seen by Dr. Thomas Hannie for an Independent Medical Examination as requested by Rapides. After reviewing the medical reports provided by Rapides and after one visit with Clifton, Dr. Hannie reported that "feigning was apparent" but that it could not be classified as malingering due to a lack of clearly purposeful behavior on Clifton's part. However, it was discovered at trial that Dr. Hannie was relying on incomplete data, primarily raw test scores.
Clifton filed a disputed claim for compensation due to Rapides refusal to approve her choice of psychologist, Dr. Kutz, and for attorney's fees. At a hearing on November 12, 1993, Rapides argued that Dr. Kutz was not a physician as defined by the Workers' Compensation Act and that Dr. Guiterrez was her choice of physician. The hearing officer found that Dr. Kutz was a physician under the act and that Dr. Guiterrez was not her chosen physician. However, the hearing officer did not rule on the issue of attorney's fees. On February 5, 1994, another hearing was held to determine if Clifton could prohibit Rapides from writing to her treating physicians with questions concerning her treatment. The hearing officer held that she could not. Also to be heard on that same date was the issue of penalties and attorney's fees for Rapides' failure to grant Clifton's choice of physicians. At this time, Rapides made the contention that Dr. Kutz services were not reasonable nor necessary. The hearing officer inquired whether utilization review had been completed and was told it had not. The hearing officer then ruled that this issue could not be addressed until review was completed and ordered Rapides to begin utilization review. More than one year later, on February 22, 1995, Clifton filed a motion and order to compel utilization review. On March 24, 1995, a hearing was held on that motion. By this time, Rapides had begun utilization review and the hearing officer determined that the issue was moot and that the issue of penalties and attorney's fees would be taken up during the hearing on the merits. That hearing was held on August 11, 1995, and the hearing officer requested post hearing briefs from both parties and took the matter under advisement. On September 14, 1995, written reasons for judgment were issued. The hearing officer found that Clifton had suffered a compensable injury; that her benefits were properly terminated in April of 1994; that the treatment of Dr. Kutz was reasonable; that Rapides was arbitrary and capricious in failing to approve Clifton's choice of psychologist and was required to pay $5,000.00 in attorney's fees; and that Rapides was arbitrary and capricious in delaying the commencement of utilization review and required it to pay attorney's fees of $8,500.00.
From this judgment, Rapides filed a motion for suspensive appeal on September 27, 1995, alleging that the hearing officer committed *474 two errors. Clifton filed a motion for a devolutive appeal on October 10,1995, and alleges four assignments of error.

STANDARD OF REVIEW
The standard for fact review in workers' compensation cases is provided in Freeman v. Poulan/Weed Eater, 93-1530, p. 4 (La. 1/14/94); 630 So.2d 733, 737:
In a workers' compensation case, as in other cases, the appellate court's review is governed by the manifest error or clearly wrong standard. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La. 1992). A court of appeal may not set aside a trial court's or a jury's finding of fact in absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Stobart v. State Through DOTD, 617 So.2d 880, 882 (La. 1993). The appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one, after reviewing the record in its entirety. Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987); Rosell, supra; Stobart, supra. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell, supra; Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Stobart, supra.

RAPIDES' ASSIGNMENTS OF ERROR

1. The office of workers' compensation erred in awarding attorney's fees for "delay" in submitting matter to utilization review.
A workers' compensation claimant is entitled to attorney's fees if failure to pay benefits is found to be arbitrary, capricious, or without probable cause. Vincent v. Justiss Oil Co., Inc. 94-329 (La.App. 3 Cir. 11/2/94); 649 So.2d 508, writ denied, 94-2869 (La. 1/27/95); 650 So.2d 242. The underlying reason for the Workers' Compensation statutes in allowing the imposition of penalties and attorney's fees for the arbitrary and capricious withholding of benefits is to combat indifference by employers and insurers toward injured employees. Hood v. C.J. Rogers, Inc., 94-1162 (La.App. 3 Cir. 3/8/95); 654 So.2d 371. Penalty and attorney fee provisions of the Workers' Compensation Act are specifically designed to deter employers and their insurers from unjustified failure to alleviate suffering of workers injured in their employment. Thibodeaux v. L.S. Womack, Inc., 94-1375 (La.App. 3 Cir. 4/5/95); 653 So.2d 123. Because it is a question of fact, a decision by the hearing officer granting penalties and attorney's fees is afforded great weight, and her decision will not be disturbed unless it is clearly wrong. Ferrier v. Jordache-Ditto's, 94-1317 (La.App. 3 Cir. 5/17/95); 662 So.2d 14.
The hearing officer gave the following reasons for assessing penalties and attorneys fees against Rapides:
In this case, the defendant was advised, indeed, ordered, to complete utilization review on more than one occasion. Defendant callously disregarded its obligation to complete utilization review, resulting in numerous continuances and a delay in resolving this claim over about two years.
Defendant argues that it cannot be sanctioned because the Workers' Compensation Act does not provide for sanctions in this instance. R.S. 23:1201 provides, generally, for the imposition of sanctions when workers' compensation benefits are not provided as required by law. In this case, the workers' compensation benefit which defendant owed was the duty to timely initiate and complete utilization review, as required by statute and the rules established by the director of the Office of Workers' Compensation. Utilization review is designed to prevent a lay person from making a decision that should be made by experts and is
"to resolve disputes over the necessity, advisability, and cost of proposed or already performed hospital care of services, medical or surgical treatment, or any nonmedical treatment recognized by the laws of this state as legal." LAC 40:I2701A. 1.
Many disputes over reasonableness or necessity of treatment are resolved through this process without further litigation, once *475 an opinion is obtained from an expert on the issue. It can be quite beneficial for both parties to complete this process. More importantly, it is required.
Defendant arbitrarily denied the plaintiff this benefit. Defendant's delay in providing this benefit also subjects it to an attorney fee as penalty, under R.S. 23:1201.2. There can be no doubt that the plaintiff was forced to hire an attorney for the prosecution and collection of this claim and that if defendant had merely met its obligation to complete utilization review, litigation on this issue would have been unnecessary. It is noted that payment for Dr. Kutz was only made well after this claim was filed.
* * * * * *
For these reasons, defendant is found to have been arbitrary in its refusal to timely initiate and complete utilization review. Its refusal showed a disrespect for the orders of this Hearing Officer and the rules established by the director of the Office of Workers' Compensation. Defendant cannot be heard to argue that the final result of utilization review, Dr. Hannie's report, was not favorable to plaintiff, and therefore unimportant. Attorney fees of $8,500.00 are awarded.
La.R.S. 23:1203(A) provides, in part, that "[i]n every case coming under this Chapter, the employer shall furnish all necessary... hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws to this state as legal...." Under the facts of this case, the employer, in essence, was denying Clifton medical services by not conducting utilization review in a timely manner. Indeed, it took Rapides at least eighteen months to conduct utilization review. When there is a dispute over whether any treatment is necessary, a utilization review is conducted to determine the necessity of the requested treatment. Prior to completion of utilization review, the employee cannot file a claim against the employer for such services because the action is regarded as premature. Under this scheme, utilization review is the triggering event to medical treatment if, in fact, medical treatment is found necessary. Clearly, if penalties and attorney's fees are not available for the employer's arbitrary and capricious refusal to submit a matter to utilization review, a recalcitrant employer may, when confronted with a claim for medical benefits, first deny that the treatment is necessary and then stall on the submission of the question to utilization review. We, therefore, find that attorney's fees may be awarded as a result of the employer's arbitrary, capricious, or unreasonable failure to initiate utilization review. Under the facts of this case, the hearing officer was not clearly wrong in awarding attorney's fees due the arbitrary refusal of Rapides to timely initiate and complete utilization review.
Rapides also makes the argument that should attorney's fees be allowed, under La.R.S. 23:1291(B)(13), that award cannot exceed $500.00. La.R.S. 23:1291(B)(13) provides as follows:
B. The director shall have the following powers, duties, and functions:
* * * * * *
(13) To promulgate necessary rules and regulations in accordance with the provisions the Administrative Procedure Act, imposing reasonable fines or penalties for a failure to comply with any rule or regulation adopted under the provisions of this Chapter. In no event shall such fine exceed five hundred dollars. (Emphasis added)
We cannot agree with Rapides' contention. First, it is clear that the legislature did not intend to limit the amount of attorney's fees a claimant can recover, instead leaving that to the sound discretion of the hearing officer. Surely, if the legislature intended to limit attorney's fees, it would have explicitly done so by including those words in the statute. Further, it is evident that when the employer is found to be arbitrary and capricious, the legislature intended to allow the awarding of adequate attorney's fees necessary to prosecute and collect such claims. See La.R.S. 23:1201.2 and La.R.S. 22:658. To adopt the view espoused by Rapides would, in fact, discourage injured workers from seeking legal redress for the failure of the employer to conduct utilization review and provide the subsequent medical benefits.
We must now determine whether the hearing officer abused her discretion in the amount of attorney's fees she awarded. In *476 determining this amount, the hearing officer should consider the degree of skill and ability exercised, the amount of the claim, the amount recovered for the plaintiff, and the amount of time devoted to the case. Naquin v. Uniroyal Inc., 405 So.2d 525 (La.1981). The record reveals that counsel for Clifton prepared for and made a number of appearances in regards to this claim. He also filed a pre-trial statement as well as a post-trial brief. Additionally, while the recovery by Clifton in this case might not be outstanding, considering the arbitrary and capricious actions by Rapides, it is clear that counsel was required to spend an inordinate amount of time in the pursuit of his client's interests. Therefore, for the reasons set forth above, we find that Rapides' assignments of error are without merit and affirm the hearing officer's award of attorney's fees.

2. The office of workers' compensation erred in awarding legal interest on attorney's fees awards "from the date of judicial demand."
Rapides asserts that judicial interest on awards of penalties and attorney's fees runs from the date of the award rather than the date of judicial demand. However, this court has consistently held in workers' compensation cases that interest is assessed on penalties and attorney's fees from the date of judicial demand. See Stegall v. J. & J. Exterminating, 94-1279 (La.App. 3 Cir. 3/1/95); 651 So.2d 400; Watson v. Louisiana Paving Co., 441 So.2d 31 (La.App. 3 Cir.1983); Baghramain v. MFA Mutual Insurance Co., 315 So.2d 849 (La.App. 3 Cir.1975). As such, we find that the hearing officer was correct in awarding interest on the penalties and attorney's fees from the date of judicial demand.

CLIFTON'S ASSIGNMENTS OF ERROR

1. The Hearing Officer erred in finding that the Plaintiff was not entitled to disability benefits after April 3, 1994.

2. The Hearing Officer erred in finding that the Defendants were not liable for penalties and attorney's fees for their failure to pay disability benefits.
In order to recover supplemental earnings benefits, the employee must first prove by a preponderance of the evidence that she is unable to earn wages equal to ninety percent or more of the wages she earned before the accident. Once this has been shown, the burden shifts to the employer to prove that the employee is physically able to perform a certain job, that the job was offered to or available to the employee, and that the job offered or available is in the employee's or the employer's community or reasonable geographic region. La.R.S. 23:1221(3); Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989); Edward L. Daugherty v. Domino's Pizza, Zurich-American Insurance Co., 674 So.2d 947 (La.1996).
In the case before us, the hearing officer, in denying Clifton's request for disability benefits, made the following findings:
Defendant paid benefits through April 3, 1994. Following that date, Dr. Kutz nor any other psychologist or psychiatrist gave the opinion that plaintiff was disabled from working. In fact, all treating mental health providers opine that plaintiff is capable of working. The defendant's vocational expert identified jobs which she considered plaintiff capable of performing. The plaintiff did not rebut this testimony. The plaintiff's testimony, alone, is not considered sufficient to establish total or partial disability beyond April 3, 1994. Defendant was not unreasonable in terminating benefits at that time, based upon all information in its possession.
Obviously, the hearing officer found that Clifton did not meet her burden of proving that she was unable to earn wages equal to ninety percent or more after April of 1994. Indeed, Dr. Kutz testified that from a psychological standpoint, Clifton was not grossly or severely disabled and could return to competitive employment. A hearing officer's findings of fact in a workers' compensation case may not be set aside on appeal in the absence of manifest error, and where there is conflict in testimony, reasonable inferences of fact should not be disturbed on review. Miller v. Roger Miller Sand, Inc., 93-252 (La.App. 3 Cir. 2/9/94); 632 So.2d 1176, writ granted, 94-1151 (La. 7/1/94); 639 So.2d 1179, judgment *477 affirmed in part, reversed in part, amended in part, 94-1151 (La. 11/30/94); 646 So.2d 330. Courts reviewing disability and length of disability determinations must afford great weight to the trier of fact's determinations; absent finding of manifest error, such determinations may not be disturbed. Herrell v. Tempo Personnel, 633 So.2d 690 (La.App. 1 Cir.1993), writ denied, 94-0236 (La. 3/18/94); 635 So.2d 1101. After reviewing the testimony and the exhibits in the record, we cannot say that the hearing officer was manifestly erroneous or clearly wrong in finding that Rapides was reasonable in terminating benefits. As such, we find this assignment of error to be without merit.
Concerning assignment of error number two, having found that the hearing officer was not clearly wrong in finding that Rapides was justified in terminating benefits, penalties and attorney's fees are not warranted. Thus, this assignment of error is moot.

3. The Hearing Officer erred in finding that the Defendant was not liable for penalties and attorney's fees for the defendant's failure to pay for psychological treatment rendered by Dr. Kutz over $750.00.
Clifton argues that the hearing officer's determination that there was no convincing evidence to find that the psychological treatment rendered by Dr. Kutz after August of 1994 was not work-related is not supported by the record. In making this determination, the hearing officer found that:
[t]here is no convincing evidence, however, that the psychological treatment rendered after August of 1994 was work related. There was no explanation for the appearance of the psychological symptoms complained of almost 5 months after previous treatment ended and almost nineteen months after the exposure incident. Other stressors were present at this time, i.e., the plaintiff's frustration over the perception that her physicians were not accurately diagnosing another, unrelated condition, which plaintiff found difficult to cope with.
Dr. Kutz testified that while Clifton was still bothered by the original Phenol exposure:
... at the same time she was bothered by continuing to be ill, particularly with the hospitalization which concerned her a great deal, and I got the impression from her that it was almost as if she was hoping for Meningitis, something with a clear diagnostic label so that she wouldn't have to worry about it being something else, when they weren't able to make a definitive diagnosis I think that concerned her considerably.
Given this testimony, in particular, and our review of the entire record, in general, and considering the vast discretion accorded the hearing officer's factual findings, we find no error in her determination that the treatment rendered after August of 1994 was not employment related. As such, we find this assignment of error to be without merit.

4. The Hearing Officer erred in not allowing the rebuttal testimony of Chris J. Roy, Sr.
The basis of this assignment is the report of Dr. Thomas Hannie which implies that part of Clifton's problem stems from "attorney involvement." Seeking to rebut this testimony, counsel for Clifton called Chris J. Roy, Sr, her original attorney, to testify concerning this claim. Rapides objected because Roy was not listed as a witness in Clifton's answers to interrogatories nor in her pre-trial statement. The hearing officer sustained Rapides' objection. Roy's testimony was then proffered.
In not allowing Roy to testify, the hearing officer stated:
Well, thatthat portion of Dr. Hannie's report is subject to interpretation, it can be given a lot of weight or a little weight and I will give it only such weight as I think it might be entitled to. I don't think that it's necessary to have this type of testimony for the hearing, it is of some surprise to the defense as well, but looking at the issue of materiality, whether it's really that material to why we are here today I don't consider it to be, and I really don't think it's necessary and see no reason to move forward with that testimony.
*478 Although the hearing officer is not bound by the technical rules of evidence, all findings of fact must be based on competent evidence. La.R.S. 23:1317(A); Ramsey v. Cash & Carry Foods, Inc., 95-544 (La.App. 3 Cir. 11/2/95); 664 So.2d 511. In workers' compensation proceedings, the hearing officer has great discretion regarding the admissibility of evidence on issues not raised by the pleadings. Fontenot v. Sunland Construction, 482 So.2d 949 (La.App. 3 Cir.1986). Considering the discretion given the hearing officer on issues of admissibility, and, after a review of the evidence, including the proffered testimony, we can find no abuse of discretion on the part of the hearing officer.

ANSWER TO APPEAL
Clifton has answered this appeal and asks this court to award her additional attorney's fees for successfully defending this appeal. "A worker's compensation claimant is entitled to increased attorney's fees to reflect additional time incurred in defending employer/carrier's unsuccessful appeal." Hickman v. Allstate Timber Co., 94-1275, p. 7 (La.App. 3 Cir. 4/5/95); 653 So.2d 154, 158, writ denied, 95-1133 (La. 6/23/95); 656 So.2d 1017. While we realize that Clifton appealed the hearing officer's ruling herself, we are also cognizant of the fact that she was required to defend the appeal of Rapides which certainly demanded additional preparation by her attorney. Therefore, we amend the decision of the hearing officer and award Clifton an additional $1,500.00 for attorney's fees for the time and effort spent successfully defending this appeal.

CONCLUSION
For the above reasons, the decision of the hearing officer is affirmed. The award of attorney's fees is amended to award the claimant, Sandra Clifton, an additional $1,500.00 for defending this appeal. The costs of this matter are assessed against the defendant, Rapides Regional Medical Center.
AFFIRMED AS AMENDED.