|,CLAIBORNE, J.
The claimant appeals a judgment by a workers’ compensation judge (WCJ)[2] dismissing her claims for workers’ compensation benefits. For the reasons that follow, we affirm the decision of the WCJ.
FACTS AND PROCEDURAL HISTORY
Brenda Bibbins filed this claim for workers’ compensation benefits against her employer, Sonny’s Pizza, Inc.,[3] alleging that she was injured in a fall on July 26, 1999. At the time of the incident, Ms. Bibbins was employed as a cook at the Sonny’s Pizza in St. Francisville.
Ms. Bibbins testified that she was injured when she slipped on a freshly waxed floor just as she exited the restroom at work at approximately 11:00 p.m. According to Ms. Bibbins, she fell flat on her back and struck the back of her head on the floor. She further testified that her entire body went numb as a result of the fall, and she was unable to move or call out for help.
Although she acknowledged in her trial testimony that no one had witnessed the *81 fall, Ms. Bibbins testified that others in the restaurant heard the fall and came to her aid. Ms. Bibbins was transported by ambulance to West Feliciana Parish Hospital; She was treated at the hospital and. released the same night.
The next morning, Ms. Bibbins sought treatment with her physician, Dr. Cynthia Coe, who prescribed pain medication and physical therapy. After some treatment, Dr. Coe released Ms. Bibbins to return to work. Despite this release, Ms. Bibbins did not return to work, claiming that she was still in too much pain. |3She then sought treatment with Dr. Stephen J. Flood, an orthopedic surgeon of her choice.
Sonny’s Pizza paid temporary total disability benefits of $125.02 per week to Ms. Bibbins. The employer also paid certain medical expenses incurred by Ms. Bibbins as a result of the accident. However, the employer did not agree to pay for certain expenses for medical diagnostic testing recommended by Dr. Flood. Therefore, Ms. Bibbins filed these proceedings before the WCJ seeking the payment of future weekly benefits, medical treatment, diagnostic testing, and vocational rehabilitation services. She also requested an award of statutory penalties and attorney fees based on the employer’s allegedly arbitrary and capricious refusal to continue to pay workers’ compensation benefits.
This claim went to trial before the WCJ on March 12, 2001. Ms. Bibbins and her mother both testified in the trial, and various exhibits were introduced into the record, including Ms. Bibbin’s medical records. Ms. Bibbins alleged that she is now completely disabled from all work, because she continues to have headaches and back pain, as well as numbness in her hands, feet and legs as a result of the accident. She further alleged that she has been unable to work at any job l^cause of these difficulties, although she acknowledges that she has not applied for a job since the accident. She also specifically testified that she had never - had any difficulties with her neck and back or problems with numbness before this accident.
At the conclusion of the plaintiffs case, Sonny’s Pizza made a motion for involuntary dismissal of the claim based on La. R.S. 23:1208 and Ms. Bibbins’ misrepresentation of certain facts. The alleged misrepresentations concerned the assertions by Ms. Bibbins that she had never had problems with her neck and back or numbness in her hands prior to this accident. After a recess, the WCJ returned and granted the motion dismissing the claim. The WCJ specifically found that Ms. RBibbins had made a material misrepresentation for the purpose of obtaining workers’ compensation benefits. This appeal by Ms. Bibbins followed.
DISCUSSION
An employee who suffers personal injury by accident arising out of and in the course of his employment is entitled to compensation from his employer. La. R.S. 23:1031. However, that right may be forfeited if the employee makes a willful false statement or misrepresentation for the purpose of obtaining benefits.
La. R.S. 23:1208 provides, in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
*82 This statute applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining workers’ compensation benefits, and encompasses any false statements or misrepresentations made to anyone, including the employer, physicians, or insurers, when made willfully or deliberately for the purpose of obtaining benefits. It contains no requirement that an employee be put on notice of the consequences of making such false statements or misrepresentations. Resweber v. Haroil Construction Company, 94-2708, 94-3138, pp. 1-2 (La.9/5/95), 660 So.2d 7, 9.
Therefore, in order to establish a claim that an employee has forfeited his benefits pursuant to section 1208, the following requirements must be met: (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber, 94-2708, 94-3138 at p. 7, 660 So.2d at 12. The issue of whether an employee | ¡/forfeited his workers’ compensation benefits by willfully making false statements in order to obtain benefits is one of fact, which is not to be reversed on appeal absent manifest error. See Short v. Gaylord Chemical Corporation, 98-0606, p. 10 (La.App. 1st Cir.4/1/99), 731 So.2d 493, 499. The standard of review regarding findings of fact in a workers’ compensation case is the manifest error or clearly wrong standard. See Clausen v. D.A.G.G. Construction, 2001-0077 (La.App. 1st Cir. 2/15/02), 807 So.2d 1199 and cases cited therein. Therefore, even if this court would have reached a different conclusion on the evidence presented, unless the WCJ’s conclusions are clearly wrong, they must be accepted.
In this case, Ms. Bibbins testified at trial that she had never had any problems with her neck and back before the fall at Sonny’s Pizza. She also denied having ever had any prior problems with the numbness she described as resulting from the fall. The evidence in the record indicates that this assertion by Ms. Bib-bins was false.
Information introduced at trial, including Ms. Bibbins’ medical records and the deposition of Dr. Pamela Y. Hollins, indicate that Ms. Bibbins did in fact seek medical treatment for abnormal numbness in her forearms, hands and legs in June and August of 1997, two years before the accident at Sonny’s Pizza. The record further indicates that the numbness had been present for approximately six months when Ms. Bibbins sought treatment from Dr. Hollins. When confronted with this information, Ms. Bibbins simply responded repeatedly that she was unaware of it and that she was standing by her previous assertion that she had never had any such numbness.
After a thorough review of the record, we are unable to state that the WCJ was clearly wrong in his determination that the complaints Ms. Bibbins had in 1997 were essentially the same as those she alleged were due solely to the accident at Sonny’s Pizza. We are also unable to determine that the WCJ was clearly wrong | fiin finding that Ms. Bibbins had made a misrepresentation for the purpose of receiving workers’ compensation benefits.
For the foregoing reasons, we affirm the decision of the workers’ compensation judge dismissing the claim of Brenda Bib-bins for workers’ compensation benefits due to her violation of La. R.S. 23:1208. All costs of this appeal are assessed to Brenda Bibbins.
AFFIRMED.

. La. R.S. 23:1310.5(F) requires that the published court of appeal opinion identify the office of workers' compensation district from which the appeal was taken and the name of the workers' compensation judge who rendered the judgment or award. The WCJ was Hon. Anthony Palermo of the Office of Workers’ Compensation, District 5.

.Although the claim was filed against Sonny's Pizza Inc. only, defense counsel appeared at trial on behalf of "Sonny's Pizza and their ... self-insured fund, Louisiana Associated Commercial Self-Insurers Fund.” We also note the judgment was rendered in favor of "Sonny’s Pizza, Inc. and Southeastern Risk Managers, Inc./LACE.”