J2.FOIL, J.
This appeal challenges the award of workers’ compensation benefits. We affirm.
BACKGROUND
Bret Fornea was employed by Norwell Equipment Company as a mechanic. On June 1, 2000, while working for Norwell, Mr. Fornea had a work-related accident when he slipped on some mud outside the shop door. Mr. Fornea reported the incident to his supervisor, complaining of back pain, and was sent to Health South, where x-rays were taken. Several days later, he was referred to Dr. Randall Lea, an orthopedic surgeon. Complaining of back pain, Mr. Fornea related that he had done a “split” when he slipped at work. Dr. Lea observed tenderness in Mr. Fornea’s spine and joint, and initially believed that Mr. Fornea was suffering from a joint problem based on the account of the work accident. Dr. Lea recommended therapy, and later ordered a bone scan after Mr. Fornea continued to complain of pain in the left lower back.
Mr. Fornea attempted to return to work at Norwell, but could not perform his job as a mechanic and was terminated on July 7, 2000. American Interstate Insurance Company, Norwell’s compensation carrier, *834 immediately began paying disability benefits.
On August 6, 2000, Mr. Fornea went to the emergency room of North Oaks hospital complaining of leg pain. Mr. Fornea and his wife testified that Mr. Fornea’s foot got caught while climbing stairs into their mobile home, causing him to fall. However, records of the visit state under the section for “chief complaint” that Mr. Fornea “wiped out” on a dirt bike and injured his ankle and right leg. Mr. For-nea denied having told anyone at the emergency room that he had been riding a motorcycle on that date. Rather, he explained, when questioned about a calcium deposit on his tailbone shown on the x-rays, he related that in 1991, he fell off a motorcycle and injured his tailbone.
| aX-rays taken at the emergency room revealed that Mr. Fornea had a broken leg. Mr. Fornea returned to Dr. Lea twelve days later, where he related the leg injury, telling Dr. Lea that he had fallen while climbing stairs. Dr. Lea again recommended therapy and was considering releasing him to work at the end of September.
On October 5, 2000, American terminated compensation benefits. On November 13, 2000, Mr. Fornea visited Dr. Lea, continuing to complain of back pain. Dr. Lea ordered an MRI, which revealed a disc bulge that was possibly impinging on a nerve root. Dr. Lea revised his diagnosis, stating that Mr. Fornea was not capable of going back to regular duty at Norwell in light of his spinal injury. Further, Dr. Lea stated that Mr. Fornea was a surgical candidate, and referred him to a neurosurgeon for an evaluation. Dr. Lea related that the neurosurgeon did recommend back surgery. According to Mr. Fornea, that surgery has never been performed because American refused to pay the costs.
After the presentation of the evidence, Workers’ Compensation Judge Robert Varnado ruled from the bench that the evidence established that Mr. Fornea injured his spine while working for Norwell. The WCJ found that Mr. Fornea was temporarily totally disabled from the date of the accident, through the hearing and beyond. He ordered American to pay all medically reasonable and necessary treatment relating to the work accident, but declined to award penalties and attorney’s fees, finding that the confusion surrounding the medical reports regarding the tail bone injury and the fall on the steps justified the suspension of benefits.
This appeal, taken by American and Norwell, followed.
DISCUSSION
Appellants first complain that the WCJ erred in failing to find that Mr. Fornea made false statements for the purpose of obtaining benefits. Specifically, they assert that the evidence established that Mr. Fornea fell off of a motorcycle on August 6, 2000, but did not report the motorcycle | incident to his treating physician or American, and therefore, he should be denied benefits under La. R.S. 23:1208.
In order to establish a claim that an employee has forfeited his benefits pursuant to Section 1208, the following requirements must be met; (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any payment or benefit. The issue of whether an employee forfeited his workers’ compensation benefits by willfully making false statements in order to obtain benefits is one of fact, which may not be reversed on appeal absent manifest error. Bibbins v. Sonny’s Pizza, Inc., 2001-1524, pp. 4-5 (La.App. 1 Cir. 6/21/02), 822 So.2d 79, 82. Thus, in order to overturn a factual deter *835 mination of a WCJ, this court must find from the record that a reasonable factual basis does not exist for the finding and the record establishes that the finding is clearly wrong. Saucier v. Dynasty Transportation, Inc., 2001-0847, p. 4 (La.App. 1 Cir. 5/10/02), 818 So.2d 943, 945-46, unit denied, 02-1613 (La.9/30/02), 825 So.2d 1198.
Obviously, in rejecting the Section 1208 defense, the WCJ believed Mr. Fornea and his wife’s testimony regarding the fall from the steps, despite the confusion in the medical records. The WCJ simply made a credibility determination, and we cannot say that the WCJ was clearly wrong in failing to find that Mr. Fornea made a misrepresentation for the purpose of obtaining benefits.
Next, appellants contend that the WCJ erred in awarding continued benefits, asserting that Mr. Fornea failed to prove a causative link between his work accident and ongoing disability and medical treatment. They assert that the August 6th accident caused Mr. Fornea’s condition to deteriorate to the point that surgery was considered.
 Determinations of disability and the length of disability are factual findings. Reviewing courts must afford great weight to the trier of fact’s disability determinations, which may not be disturbed in the absence of ^manifest error. Herrell v. Tempo Personnel, 633 So.2d 690, 692 (La.App. 1 Cir.1993), writ denied, 94-0236 (La 3/18/94), 635 So.2d 1101.
The record abundantly supports the WCJ’s finding that Mr. Fornea sustained a spinal injury at work, which rendered him temporarily totally disabled. Dr. Lea’s testimony established that Mr. Fornea complained of back pain from the time of the work injury and beyond. Dr. Lea initially suspected a joint injury and treated him based on that suspicion for some time. However, when Mr. Fornea’s condition did not improve, Dr. Lea ordered the MRI, which revealed the spinal injury. Furthermore, as noted earlier, the WCJ did not believe that Mr. Fornea injured himself in a subsequent motorcycle accident. Appellants simply failed to establish another causative explanation for Mr. For-nea’s back injury, and thus have not provided a basis upon which to reverse the WCJ’s disability determination.
CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellants.
AFFIRMED.