441 So.2d 31 (1983)
Herschel WATSON, Plaintiff-Appellant,
v.
LOUISIANA PAVING COMPANY, et al., Defendant-Appellee.
No. 83-230.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
*32 Dubuisson & Dubuisson, James G. Dubuisson, Opelousas, for plaintiff-appellant.
Douglas C. Longman, Jr., of Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, for defendant-appellee.
*33 Before DOUCET, LABORDE and KNOLL, JJ.
DOUCET, Judge.
In this workmen's compensation suit, the trial judge found that plaintiff, Herschel Watson, was entitled to total disability benefits at the rate of $97.00 per week from July 18,1978 through October 15, 1980, and partial disability payments thereafter until January 2, 1981. In addition, the employer's insurer was held subject to statutory penalties and attorney's fees in the sum of $1,500.00. From that judgment, the plaintiff filed a devolutive appeal alleging the following errors:
1) Failure of the trial judge to find plaintiff totally and permanently disabled after October 6, 1980.
2) Failure of the trial judge to award interest on past due benefits, penalties & attorney's fees.
3) The trial judge erred in awarding only $1,500.00 in attorney's fees.
Defendants filed an answer to the appeal contending Watson was not entitled to benefits following discharge by his treating physician on March 27, 1979, and denying they acted arbitrarily or without probable cause in terminating benefits on April 4, 1979.
Plaintiff was employed by Louisiana Paving Co. as a general laborer on a construction project on Highway 167 near Opelousas, Louisiana. On July 18, 1978, Watson was working as a trainee cement finisher, patching a concrete wall, when he slipped from a ladder and fell to the ground, injuring his back. Plaintiff was sent by his foreman to see the company doctor, Dr. Melancon, in Carencro. After seeing Dr. Melancon, plaintiff was sent home by his foreman. He returned to work the next day but was not able to continue working due to pain in his back. He returned to Dr. Melancon, who referred him to Lafayette General Hospital where he was seen by the emergency room physician, Dr. Hernandez, who subsequently referred plaintiff to Dr. John E. Cobb, an orthopedist in Lafayette.
Dr. Cobb gave Watson conservative treatment for a lumbar strain and saw plaintiff at regular intervals until March 27,1979, at which time plaintiff informed Cobb that he would like to try returning to work. The orthopedist discharged plaintiff and recommended that he resume light duty work and gradually return to his regular employment. Benefits were terminated upon receipt of Dr. Cobb's release by the employer.
Watson returned to Dr. Cobb on August 8, 1979 and reported that his pain persisted particularly when he exerted himself.
The present suit for benefits was filed on July 30, 1979. Prior thereto, the plaintiff had never asserted any type of claim for personal injuries nor had he ever before been injured while working.
On October 15, 1980, Watson returned to work, engaging in light work (sweeping) on a seasonal basis for Iberia Sugar Co-Op. At the end of the grinding season, approximately two months later, Watson was laid off. Thereafter, in 1981, plaintiff went to work for Pierson Construction Co. as a general laborer on a road construction project for several weeks. When the project was completed, Watson was laid off.
Subsequently, plaintiff reapplied for work with the defendant and was given a pre-employment physical by Dr. William Melancon on June 2, 1982. At trial, plaintiff admitted that he represented himself to be younger than he actually was when interviewed by Dr. Melancon and also admitted denying any previous accidents. Dr. Melancon pronounced Watson fit for manual employment. Plaintiff began work the next day as a general laborer. His duties were less strenuous than those previously assigned and consisted of constructing light timber frames, nevertheless, plaintiff testified he experienced constant pain.
Appellant contends his injury is such that he can function only with substantial pain and such pain appreciably limits the type of work available to him and diminishes his ability to compete in the labor market. In other words, plaintiff alleges the odd-lot doctrine, as defined in Oster *34 v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980), applies to the facts of this case and therefore he is entitled to total disability compensation beyond the period of total disability determined by the trial judge. However, the plaintiff's work record and other activities subsequent to the accident indicate otherwise. The factual determination by the trial court as to the extent and duration of disability should not be reversed unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). From our review of the record, we cannot say the trial judge's finding as to the duration of plaintiff's total disability was clearly wrong.
Similarly, we will not disturb the trial judge's reasonable inferences of fact relative to the plaintiff's partial disability during the period following his discharge by Dr. Cobb and ending with his return to construction work. We will not disturb reasonable inferences of fact simply because another result might be just as reasonable, absent manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973). We find no manifest error.
When failure to pay worker's compensation benefits is found to be arbitrary, capricious or without probable cause, penalties and attorney's fees are warranted. LSA-R.S. 22:658, Guillory v. United States Fidelity & Guaranty Insurance Co., 420 So.2d 119 (La.1982). Benefits cannot be denied merely on the basis of inconclusive medical reports. Alexander v. Dept. of Culture, Recreation and Tourism, 410 So.2d 1286 (La.App. 3rd Cir.1982); Wiley v. Southern Casualty Insurance Co., 380 So.2d 214 (La.App. 3rd Cir.1980). The issue of whether the refusal to pay compensation benefits was arbitrary and capricious is a factual determination which must be determined upon the merits of each case. Moreau v. Houston General Insurance Co., 386 So.2d 151 (La.App. 3rd Cir.1980). The trial judge's determination in this regard should not be reversed unless clearly wrong, Arceneaux v. Domingue, supra. The record before us reveals no manifest error.
With regard to attorney's fees, the amount awarded rests largely on the discretion of the trial court with each case being determined in light of its own facts and circumstances. Melder v. Century Tel. Enterprises, 413 So.2d 1325 (La.App. 3rd Cir.1982). Factors to be considered in determining the amount of attorney's fees are the degree of skill and ability exercised, the amount of the claim, the amount recovered for the plaintiff and the amount of time devoted to the case. Naquin v. Uniroyal, Inc., 405 So.2d 525 (La.1981).
The trial judge's discretion in setting attorney's fees may be properly exercised without the necessity of evidence directly bearing on the amount of the fees since he may draw a reasonable inference from what took place before him of the time spent by the attorney and the value of services rendered. Coulton v. Levitz Furniture Corp., 391 So.2d 80 (La.App. 4th Cir. 1980). We consider the award of $1,500.00 to be proper and sufficient. Accordingly, appellant's request for an increase is rejected.
Insofar as the trial court's award neglected to award interest, we amend the judgment appealed. Interest on weekly compensation benefits is to be calculated from the due date until paid rather from the date of judicial demand. Rachal v. Highlands Insurance Co., 355 So.2d 1355 (La.App. 3rd Cir.1978); Crockett v. St. Paul Insurance Co., 413 So.2d 949 (La.App. 1st Cir.1982).
Interest is assessed on awards for penalties and attorney's fees from the date of judicial demand. Baghramain v. MFA Mutual Insurance Co., 315 So.2d 849 (La. App. 3rd Cir.1975).
For the reasons assigned hereinabove, the judgment appealed is affirmed except insofar as said judgment failed to award interest. The judgment is amended so as to award interest in accordance with the views expressed above. Costs of this appeal are to be divided between the parties.
AFFIRMED AS AMENDED.