651 So.2d 400 (1995)
Stephen K. STEGALL, Plaintiff-Appellee,
v.
J & J EXTERMINATING and Louisiana Pest Control Insurance Company, Defendants-Appellants.
No. 94-1279.
Court of Appeal of Louisiana, Third Circuit.
March 1, 1995.
*401 Thomas Anthony Budetti, Lafayette, for Stephen K. Stegall.
Mark Alfred Ackal, Lafayette, for J & J Exterminating.
Before PETERS, AMY and SULLIVAN, JJ.
SULLIVAN, Judge.
In this workers' compensation case, defendants, J & J Exterminating and Louisiana Pest Control Insurance Company, appeal a judgment in favor of claimant, Stephen J. Stegall. Defendants contend that the hearing officer erred in calculating Stegall's disability benefits at $271.39 per week and in awarding penalties and attorney's fees for the failure to pay benefits in this amount. For the following reasons, we affirm the judgment in favor of Stegall, but we amend it to provide for legal interest as well as additional attorney's fees for work performed on appeal.

FACTS
On November 5, 1990, Stephen Stegall, a service technician for J & J Exterminating, sustained a work-related accident which undisputedly rendered him temporarily and totally disabled.
The parties stipulated that J & J's insurer, Louisiana Pest Control Insurance Company, paid Stegall weekly benefits of $249.31 from the date of the accident through August 31, 1992, at which time his benefits were reduced to $230.31 per week. On March 23, 1993, Stegall filed this disputed claim for compensation, alleging, among other things, the failure to pay the full amount of benefits owed. On May 25, 1993, the insurer temporarily suspended Stegall's benefits, reinstating them on August 27, 1993, but at yet a lower amount of $220.70 per week.
*402 The main issue at trial of this matter, on January 26, 1994, was the proper method of calculating Stegall's average weekly wage.[1] The defendants contended that Stegall was compensated by commission only; hence, his weekly benefits should have been calculated in accordance with La.R.S. 23:1021(10)(d). Stegall, however, claimed that he earned a salary of $1,250.00 per month plus commissions, based upon his level of production. He argued that his benefits should have been calculated as per the formula in Daigle v. Sherwin-Williams Company, 545 So.2d 1005 (La.1989). In that case, the Louisiana Supreme Court used a combination of La.R.S. 23:1021(10)(b) and (d) to determine the average weekly wage of a manager who was compensated with a salary plus bonuses.
As a service technician, Stegall provided the regular customers on his "route" with general pest control, termite treatments, various odd jobs and some product sales. His job duties also required him to maintain his route truck and to train other service technicians. He worked full time, five days a week.
Stegall received two checks each month, approximately on the 15th and the 31st. Both checks identified $625.00 as Stegall's gross "regular income;" one check would contain an additional sum that was labeled as either "commission" or "other." The payroll records also reflect that Stegall was paid at times on an hourly rate and that he received vacation pay.
Robert John, a co-owner of J & J, testified that Stegall was employed primarily as a service representative and not as a full time salesman. However, he also testified that Stegall worked on a straight commission basis, with Stegall receiving varying percentages of the revenues which he brought in. For example, John testified that Stegall received five percent (5%) of all pest control sales, fifteen percent (15%) of all termite treatments administered, five percent (5%) of odd jobs and thirty percent (30%) of his general pest control production. John explained that Stegall received a draw of $625.00 every two weeks against the total commissions earned each month and that if his commissions ever fell below $1,250.00 per month the shortfall would be charged against future commissions.
Stegall did not dispute that his income was based upon varying percentages of the total revenue he produced. However, he claimed that he was guaranteed a minimum salary of $1,250.00 per month, with any commissions earned in excess of this amount being added to his salary. He testified that he never earned below this amount while employed with J & J.

CALCULATION OF BENEFITS
The hearing officer agreed with Stegall's position, finding that he earned a guaranteed minimum salary of $1,250.00 per month plus commissions. She then calculated Stegall's weekly benefits at $271.39, reaching this figure by applying § 1021(10)(b) to the salaried portion of Stegall's income and § 1021(10)(d) to the total commissions earned in the twenty-six (26) weeks prior to the accident.
We find the hearing officer's conclusion that Stegall was guaranteed a minimum salary to be well founded in both law and fact. In Louisiana, a drawing account is treated as a guaranteed minimum compensation *403 for the employee's services and not a loan against commissions or profits to be earned, in the absence of an agreement to the contrary. M & D Simon Co. v. Blanchard, 389 So.2d 401 (La.App. 4 Cir.1980); Landry v. Huber, 138 So.2d 449 (La.App. 3 Cir.1962). We find no such agreement in the instant case. We note that Stegall never earned less than the minimum salary during his employment with J & J; more importantly, however, we find that neither Stegall nor his employer ever anticipated that his income would fall below $1,250.00 per month. From the testimony of Stegall's supervisor, Robert John, it is clear that his route was designed to guarantee Stegall a minimum level of compensation.
The documentary evidence in the record also supports this conclusion. Stegall's pay stubs differentiated between "regular" income and "commissions." Although $1,250.00 was subtracted from Stegall's production revenue each month, the difference was identified as Stegall's "total commissions." Payroll records also indicated that, at times, Stegall was compensated at an hourly rate, with his hourly earnings appearing as "other" income over and above "regular" salary. Stegall also received vacation pay. We find the totality of the evidence does not support the employer's contention that Stegall was paid on a "straight commission basis."
We also find no error in the hearing officer's calculation of Stegall's weekly benefits. Our workers' compensation statute contemplates reducing whatever wages an employee has earned to a weekly basis. Daigle, supra, at p. 1008. Although Stegall received a semimonthly salary, the amount of his second check fluctuated each month because of his commissions or other earnings. In Malone & Johnson, 14, Louisiana Civil Law Treatise, Workers' Compensation, § 323 at 97 (1994), the authors discuss the problem of calculating the "wages" of an employee whose earnings do not precisely fit within one of the categories of § 1021(10), specifically the employee who is paid on a salary plus commission basis. In such a case, the authors advocate using a combination of subsections 1021(10)(b) and 1021(10)(d) as a method of determining the employee's true earning capacity, while at the same time accounting for fluctuations in earnings. This is the approach adopted by the supreme court in Daigle, a case which we find analogous to the present controversy. Our review of the documentary evidence in the record reveals no manifest error in the figure reached by the hearing officer. Accordingly, that portion of the judgment awarding Stegall $271.39 in weekly temporary total disability benefits is affirmed.

PENALTIES AND ATTORNEY'S FEES
The hearing officer also awarded Stegall a penalty of twelve percent (12%) of unpaid disability benefits and $3,000.00 in attorney's fees, pursuant to La.R.S. 23:1201(E) and 23:1201.2, respectively.
A determination of whether a defendant should be cast with penalties and attorney's fees is a question of fact and is subject to the manifest error rule. Guidry v. Doctors' Hospital of Opelousas, 93-1233 (La.App. 3 Cir. 5/4/94), 640 So.2d 548. Generally, an insurer will not be penalized for a simple miscalculation of benefits; however, penalties and attorney's fees have been imposed where the insurer gathers incomplete data in preparing the claim or makes no attempt to correct an error that was pointed out to it. Barton v. Wausau Insurance Co., 545 So.2d 1248 (La.App. 2 Cir.1989). An insurer may not proceed with an attitude of indifference to the injured worker's situation. Mallett v. Louisiana Nursing Homes, Inc., 459 So.2d 178 (La.App. 3 Cir.1984), writs denied 463 So.2d 604, 605 (La.1985).
In the instant case, the insurer calculated the claimant's benefits three (3) times, with each calculation resulting in a decrease or a suspension of benefits. The adjustor handling the claim admitted that on one occasion Stegall's benefits were decreased before he received any new information about Stegall's wages. The decision to suspend benefits and to reinstate them at a lower amount was made after this case was in litigation and after the insurer should have had all payroll records. The record further reveals such miscommunication and miscalculation in the *404 handling of this claim that we find no error in the award of penalties and attorney's fees.

ANSWER TO APPEAL
Appellee, Stephen Stegall, has answered the appeal, seeking an increase in attorney's fees for work performed on appeal and a modification of the trial court judgment to provide for legal interest.
Appellee is entitled to legal interest on past workers' compensation benefits from the due date of each payment, until paid, and on penalties and attorney's fees from the date of judicial demand until paid. See Watson v. Louisiana Paving Co., 441 So.2d 31 (La.App. 3 Cir.1983). Appellee is also entitled to additional attorney's fees for defending this appeal, which fees we fix at $2,000.00.
For the above reasons the judgment of the trial court is affirmed, as amended herein.
AFFIRMED AS AMENDED.
AMY, J., concurs in part and dissents in part, and assigns reasons.
AMY, Judge, concurring in part; dissenting in part.
I respectfully disagree with the majority's affirmation (and amendment) of the hearing officer's award of attorney's fees and statutory penalties. LSA-R.S. 23:1201(E) provides that statutory penalties are not due when an employer elects not to pay worker's compensation benefits because the employee's entitlement to compensation benefits is "reasonably controverted." LSA-R.S. 23:1201.2 authorizes the award of attorney's fees when a failure to pay benefits is "arbitrary and capricious." Under the facts of this case, I believe the amount of compensation benefits were reasonably controverted; nor do I conclude that the employer was arbitrary and capricious. Accordingly, I would reverse the award of statutory penalties and attorney's fees. In all other respects I concur with the majority opinion.
NOTES
[1] Temporary total disability benefits are to be paid at 662/3% of the employee's wages. La.R.S. 23:1221(1)(a). La.R.S. 23:1021(10) defines "wages" in part as follows:

(10) "Wages" means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
* * * * * *
(b) Monthly wages. If the employee is paid on a monthly basis, his monthly salary multiplied by twelve then divided by fifty-two.
* * * * * *
(d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by four; ...