ON MOTION TO CLARIFY AND/OR AMEND JUDGMENT
WOODARD, Judge.
Plaintiff-Appellee, Sadie Rideaux, has filed a “Motion to Clarify and/or Amend Judgment” to that part of the judgment in which we awarded penalties under La. R.S. 23:1201(E). That judgment, dated November 22,1995, has become final.
In our original opinion, we concluded that Rideaux was entitled to penalties under La. R.S. 23:1201(E) and stated that section 1201(E) provides for penalties of “12% of the benefits due and outstanding.” We have reviewed our decision and the applicable law and find that our judgment is correct under the law that was in effect at the time of the claimant’s injury. Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992). Thus, the “Motion to Clarify and/or Amend Judgment” is hereby denied.
MOTION DENIED.
ON MOTION TO CLARIFY AND/OR AMEND JUDGMENT
Plaintiff-Appellee, Sadie Rideaux, has filed a “Motion to Clarify and/or Amend Judgment” to that part of the judgment in which we affirmed an award of penalties, as amended and, in all other respects, affirmed the ruling of the hearing officer, but declined to mention legal interest. That judgment, dated November 22, 1995, has become final.
An award of legal interest in worker’s compensation eases is not discretionary; interest automatically attaches until the judgment is satisfied, whether prayed for in petition or mentioned in judgment. Crooks v. Town of Ball, 94-466 (La.App. 3 Cir. 11/2/94); 649 So.2d 597. Furthermore, the law is clear that legal interest on penalties and attorney fees in worker’s compensation cases accrue from the date of judicial demand until paid. Watson v. Louisiana Paving Co., 441 So.2d 31 (La.App. 3 Cir.1983). Thus, the “Motion to Clarify and/or Amend Judgment” is hereby denied.
MOTION DENIED.
AMY, J., dissents.