703 So.2d 810 (1997)
Michael ADDISON and Byron Payne
v.
REGIONAL TRANSIT AUTHORITY and Philip Andrews.
Nos. 97-C-2289, 97-C-2376.
Court of Appeal of Louisiana, Fourth Circuit.
December 3, 1997.
*811 William E. Mura, Jr., Warren A. Forstall, Jr., New Orleans, for Plaintiffs.
Leonard L. Levenson, New Orleans, for Defendants.
Before SCHOTT, C.J., and PLOTKIN and CIACCIO, JJ.
PLOTKIN, Judge.
Plaintiffs Michael Addison and Byron Payne (hereinafter referred to as "Addison/Payne") seek supervisory review of the portion of the trial court's ruling denying in part their motion to enforce settlement against defendant Regional Transit Authority and Philip Andrews (hereinafter referred to as "RTA/Andrews"). RTA also seeks supervisory review of the portion of the same judgment which awarded interest and attorney fees.
After reviewing the contract, and considering the merits of the arguments made by the parties, and for the reasons which follow, we amend the judgment to award Addison/Payne the total balance of the settlement agreement of $305,000, plus legal interest from August 29, 1997 to the date of payment. Further, we amend the judgment to reverse the award of $1,500 in attorney fees.

Facts
Addison/Payne filed a petition seeking damages for injuries sustained in a vehicular accident which occurred on December 7, 1994. Addison's vehicle, in which Payne was a passenger, was struck by a vehicle operated by defendant Andrews and owned by defendant RTA. Prior to trial, the parties settled. On April 14, 1997, the parties entered into a written settlement agreement entitled "Receipt, Release of Claim and Indemnity Agreement," which agreement was read into the court record. The agreement established the following payment schedule:

May 14, 1997 $ 40,000.00 due and payable
August 29, 1997 $ 75,000.00 due and payable
October 30, 1997 $100,000.00 due and payable
December 22, 1997 $100,000.00 due and payable
January 30, 1998 $ 30,000.00 due and payable

The agreement further provided as follows:
It is understood that in the event any payment is not timely tendered by defendants, RTA/ANDREWS, unto plaintiffs, ADDISON/PAYNE, then and only then, shall the entire balance amount become due and payable. In addition, legal interest shall accrue upon the unpaid portion of the settlement from date of breach, until paid in full.
*812 Although RTA/Andrews properly made the initial payment on May 14, 1997, the second installment was not forwarded to Addison/Payne on August 29, 1997, as required by the settlement agreement. As a result, Addison/Payne filed a motion to enforce the settlement agreement, seeking to have the entire amount of the settlement agreement declared due and payable. After a hearing on the matter, the trial court, on September 29, 1997, partially granted Addison/Payne's motion to enforce settlement, and ordered RTA/Andrews to pay Addison/Payne the second installment plus accrued legal interest from May 14, 1997, the date the previous installment was paid, until September 29, 1997, on the total unpaid portion of the settlement, with legal interest to continue to accrue until all payments had been made under the terms of the agreement. Moreover, the trial court ordered RTA/Andrews to pay attorney fees of $1,500. Finally, the trial court warned RTA/Andrews that it would be subject to penalties for contempt of court for failure to make future timely payments.
As previously noted, both parties sought supervisory writs of review with this court. Addison/Payne challenge the trial court's failure to enforce the provision of the settlement agreement requiring RTA/Andrews to pay the entire balance due "in the event any payment is not timely tendered." RTA/Andrews challenge three aspects of the trial court judgment: (1) the award of legal interest from the date of the May 14, 1997 payment, (2) the award of attorney fees, and (3) the threat of penalties for contempt of court.

Payment of entire balance
Addison/Payne argue that the trial court erred in failing to order RTA/Andrews to pay the entire balance owing because of the failure to timely pay the scheduled payments as required by the above-quoted portion of the settlement agreement. We find merit in that argument.
A settlement or compromise is a contract between the parties and is subject to the rules of conventional obligations. La. C.C. articles 3071 et seq. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. article 2046. In the present case, the settlement agreement clearly provides that the entire balance amount becomes due and payable if "any payment is not timely tendered." Thus, the trial court erred in failing to render judgment for the entire balance owing and in finding that only the second installment was due and payable immediately. That portion of the trial court judgment is reversed; RTA/Andrews are ordered to pay the entire balance due under the agreement, totalling $305,000, subject to credit for any payments subsequently made.

Interest
RTA/Andrews argue the trial court improperly awarded accrued interest from the date of the previous installment of May 14, 1997 until September 29, 1997, at the legal rate of interest, upon the total unpaid portion of the settlement. RTA/Andrews also contend the trial court erred when it ordered that legal interest would continue to accrue until all payments have been made under the terms of the settlement.
The settlement agreement specifically provides for the accrual of legal interest upon the breach of the agreement. However, the trial court erroneously concluded that the breach occurred on the date of the first installment. RTA/Andrews paid the first installment due on May 14, 1997, then failed to pay the second installment on August 29, 1997. RTA/Andrews breached the settlement agreement on August 29, 1997 when it failed to make the second installment as required under the agreement. Thus, the accrual of legal interest on the entire balance owing should begin to accrue on August 29, 1997 and should continue to accrue until the entire unpaid balance has been paid. The trial court's judgment is amended to so provide.

Attorney fees
RTA/Andrews also argue that the trial court erred when it awarded Addison/Payne $1,500 attorney fees. A review of the settlement agreement reveals that it does not provide for the award of attorneys' fees if legal action is necessary to enforce the settlement *813 agreement. Attorneys' fees are not recoverable unless specifically provided by statute or contract. James Minge & Associates v. Hanover Insurance, 96-2308 (La.App. 4th Cir. 4/2/97), 692 So.2d 728. As the settlement agreement does not provide for attorneys' fees, Addison/Payne are not entitled to such an award.
Addison/Payne contend in their opposition that the award of attorneys' fees is actually a sanction imposed by the trial court for RTA/Andrews' failure to comply with La. C.C.P. art. 863, which allows a trial court to sanction a party or a party's attorney for failing to comply with the provisions requiring certification of pleadings. While Addison/Payne's argument is novel, it is not applicable to the present situation. Addison/Payne specifically requested attorney fees in their motion to enforce settlement. Moreover, the trial court judgment does not mention sanctions under La. C.C.P. article 863. In fact, the trial court judgment specifically provides for payment of attorney fees incurred in the filing of the motion to enforce settlement. As Addison/Payne were not entitled to attorneys' fees, the trial court erroneously awarded attorneys' fees to Addison/Payne. The trial court judgment is hereby amended to delete the award of $1,500 attorney fees.

Contempt
Finally, RTA/Andrews argue the trial court erred when it stated in its order that in default of the order, or future payments, "RTA/Andrews shall be subject to penalty of contempt of court." The trial court did not state that RTA/Andrews were in contempt of court or impose a penalty for contempt of court; thus, there is no contempt judgment to attack or review by this court. The acceleration of the payments and the imposition of interest has rendered the contempt warning moot.

Conclusion
Accordingly, the court's judgment should is reversed in part and amended in part. The award of $1,500 attorney fees is reversed. The award is amended to order RTA/Andrews to pay the entire balance owing on August 29, 1997, the date of the default of their obligations under the settlement agreement, subject to credit for any payments subsequently made. The judgment is further amended to provide that legal interest began accruing, on the total unpaid balance due under the settlement agreement, on August 29, 1997 and continues to accrue until the entire balance is paid in full. In all other respects, the judgment is affirmed.
REVERSED IN PART: AMENDED IN PART.
CIACCIO, J., concurs.
CIACCIO, Judge, concurring.
I concur in the amending of the judgment to the balance then owed, $305,000.00, plus legal interest from August 29, 1997. The plaintiffs are entitled to have the settlement agreement reduced to a money judgment. After judgment is rendered they have the right to enforce the judgment as provided by law. The trial court has no authority to enforce collection of a money judgment except by the issuance of a writ of Fieri Facias when appropriate. The trial court has no authority to enforce payment of a money judgment through its contempt powers.