| xTHIB ODEAUX, Judge,
dissenting.
Louisiana Revised Statute 28:1224 provides:
No compensation shall be paid for the first week after the injury is received; provided, that in cases where disability from injury continues for six weeks or longer after date of the accident, compensation for the first week shall be paid after the first six weeks have elapsed.
I interpret the above statutory provision as requiring the payment of disability benefits immediately after the six-week period has elapsed. The statute specifically states that compensation shall be paid after the expiration of the first six weeks of disability. The statute was established as a means for employees with prolonged disabilities to receive compensation for their first week of disability.
An employer should not be allowed to arbitrarily select any “reasonable” time for payment after the expiration of the six-week period. To grant an employer the right to choose the time and manner of payment ultimately disadvantages the employee for whom the salutary principles of social legislation such as our workers’ compensation laws were designed to protect. See, e.g., Maxie v. Brown Industries, Inc., 95-19 (La.App. 3 Cir. 5/31/95); 657 So.2d 443, writ denied, 95-1630 (La.10/6/95); 661 So.2d 469.
The record shows that plaintiffs disability continued in excess of six weeks after July 9, 1996, the initial date when his disability was declared. The defendant withheld the proper compensation for the plaintiffs first week of disability until September 10, 1996. The defendant argues that compensation may be made at any “reasonable” time after the expiration of the first six weeks of disability. The defendant’s argument is without merit in my opinion.
The plaintiff was entitled to proper compensation on or about August 20, 1996. He did not receive such compensation until September 10, 1996. Under La.R.S. 23:1224, the plaintiff was entitled to the disability benefits immediately after the expiration of the six-week period. The defendant’s delay of payment is not reasonable under the circumstances. The defendant indisputably failed to properly pay the disability benefits to the plaintiff after the elapse of the plaintiffs six-week period of disability.
La.R.S. 23:1201(B) and (F)(2), in pertinent part, provide:
B. The first installment of compensation payable for temporary total disability, permanent total disability, or death shall become due on the fourteenth day after the employer or insurer has knowledge of the injury or death, on which date all such compensation then due shall be paid.
* * * * * *
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.
* * * * * *
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
Under La.R.S. 23:1201(B), the first installment of disability benefits is due and payable on the fourteenth day after the employer has knowledge of the employee’s disability or injury. The record in this suit shows that the plaintiffs disability was disclosed to the defendant on July 9, 1996. The first installment of the plaintiffs disability benefits became due on or about July 23, 1996. The plaintiff received his initial installment on July 24, 1996, one day after the due date, but for less than the amount to which he was entitled.
The amount of the first installment, $299.53, was less than the full amount to which the plaintiff was legally entitled, $322.68. The plaintiff received the incorrect *1012 payment of disability benefits from July 24, 1996 through August 31, 1996. The correct amount of disability benefits was,not paid to the plaintiff until September 10, 1996, nearly nine weeks after the date on which defendant received notice of the plaintiffs disability.
Based on a strict interpretation of La.R.S. 23:1201(B), the full and correct amount of disability benefits and compensation in the first installment should have been paid to the plaintiff on the fourteenth day after the defendant had knowledge of the disability. As the record shows, the plaintiff did not receive proper | compensation for the first installment until September 10, 1996. Therefore, the defendant failed to timely provide the adequate payment of benefits to the plaintiff in accordance with the fourteen-day requirement under La.R.S. 23:1201(B).
In response to the plaintiffs suit, the defendant argues that it has reasonably controverted the plaintiffs claim of late and untimely payments. The defendant asserts that it has paid the plaintiff’s medical expenses. The defendant also points out that the plaintiff received proper compensation for disability benefits after the miscalculation was promptly corrected. In defense of its position, the defendant cites Stegall v. J & J Exterminating, 94-1279 (La.App. 3 Cir. 3/1/95); 651 So.2d 400.
In Stegall, 651 So.2d at 403, this court stated:
Generally, an insurer will not be penalized for a simple miscalculation of benefits; however, penalties and attorney’s fees have been imposed where the insurer gathers incomplete data in preparing the claim or makes no attempt to correct an error that was pointed out to it. Barton v. Wausau Insurance Co., 545 So.2d 1248 (La.App. 2 Cir.1989). An insurer may not proceed with an attitude of indifference to the injured worker’s situation. Mallet v. Louisiana Nursing Homes, Inc., 459 So.2d 178 (La.App. 3 Cir.1984), writs denied, 463 So.2d 604, 605 (La.1986).
In Dupree v. Ace Home & Auto, 96-745 (La.App. 3 Cir. 12/26/96); 685 So.2d 683, writ denied, 97-0283 (La.3/27/97); 692 So.2d 393, this court found that an employer’s insurer acted with indifference when it reduced the claimant’s workers’ compensation benefits as a straight commission employee. Actually, the claimant was paid both hourly wages and commissions. The court held that a simple examination of the claimant’s employment records would have revealed this fact. Similarly, in this suit, the defendant provided inaccurate information to its insurer concerning the plaintiffs employment status. This incorrect data was the direct cause of the insurer’s miscalculations. As an employer, the defendant is responsible for providing accurate and complete payroll information to its insurer for purpose of calculating workers’ compensation benefits. As in Dupree, a simple review of the plaintiffs employment records would have revealed the correct information. In this suit, the defendant-employer acted with indifference to the plaintiffs situation. I conclude that the defendant did not reasonably controvert its delay in paying disability benefits to the plaintiff.
The workers’ compensation judge also erred in denying the imposition of penalties and attorney fees against the defendant. The defendant failed to timely pay all disability benefits to the plaintiff under the provisions of La.R.S. 23:1224 and 23:1201(B). Further, La.R.S. 23:1201(F) is clear and specific on the issue of penalties for failure to pay disability benefits. Once an employer or insurer fails to provide payment in accordance with the provisions, penalties shall be imposed unless the claim is reasonably controverted.
Therefore, pursuant to La.R.S. 23:1201(F), the plaintiff is entitled to penalties and reasonable attorney fees for the defendant’s delay in payment. Specifically, the plaintiff is entitled to penalties in the greater amount of $50.00 per calendar day, up to $2,000.00. I would also award $5,000.00 in attorney fees for his attorney’s services at the trial and appellate court levels.
For the foregoing reasons, I respectfully dissent.