11 JONES, Judge.
The defendants/appellants, Nikon, Incorporated (“Nikon”) and Tokio Marine and Fire Insurance Company (“Tokio”) appeal the trial court judgement in favor of Susette Weiss (“Weiss”) requiring the defendants to pay any and all outstanding medical expenses incurred before and/or after the settlement of March 6, 1996. We amend and affirm as amended the judgement.

FACTS

On November 27, 1993, Ms. Weiss was moving a shelving unit into her home office. This shelving unit would store work documents that Nikon, her employer, required her to maintain. Because Nikon did not have a field office in New Orleans, Ms. Weiss used a room in her townhouse as an office to work as a technical representative for Nikon. She primarily dealt with ophthalmologic equipment. While moving the shelving unit from the second story of her townhouse to her office located on the first floor of her townhouse, the shelving unit slipped and caused Ms. Weiss to fall down a flight of stairs.
Ms. Weiss contended that she sustained severe injuries as a result of her accident. These injuries include: severe head and brain injury; numerous injuries to her back, foot, and knee; and numerous organic injuries including chemical, 12neurological, orthopedic, and central nervous system deficits. Ms. Weiss also received a severe brain stem injury, which caused irreversible damage to her brain stem. She has difficulty recalling previous abilities, attention deficit, memory loss, cognitive and emotional dysfunction, loss of smell, hormonal imbalance, and binocular suppression. Ms. Weiss continues to have regular brain seizures, and she requires regular medical care and prescrip *87 tions to function at the most basic cognitive level.
This matter was originally set for trial on February 1, 1996; however, a settlement agreement was reached. The settlement documents were signed on March 1, 1996, and worker’s compensation judge approved the settlement documents on March 6, 1996. The Order approving the settlement by Judge Thompson ordered a compromise settlement of $25,000.00 and payment of all reasonable and necessary medical expenses until March 6, 2001. In addition, the defendants were ordered to pay the expenses for Ms. Weiss’s vocational rehabilitation.
On October 8, 1996,. Ms. Weiss filed a Workers’ Compensation Petition for Damages, demanding payment pursuant to the settlement agreement that was executed on March 1, 1996, between Ms. Weiss and Tokio. She filed a Motion to Enforce Settlement on January 30, 1997. The trial court, with Judge Clara Toombs presiding, summarily granted Ms. Weiss’s Motion to Enforce Settlement. On August 31, 1998, Judge Toombs required the defendants to pay all medical expenses, certain penalties and attorney fees, and interest, as well as rehabilitation expenses. This appeal follows.

J¿DISCUSSION

Nikon and Tokio have Four Assignments of Error on Appeal. They argue first, that the trial court erred by ruling on a Motion to Enforce Settlement in a summary proceeding. Second, they contend that the trial court erred when they were required them to pay all medical expenses, including expenses incurred before and after the settlement agreement. Third, they argue that the trial court erred by awarding vocational rehabilitation that is not required by the Louisiana Workers’ Compensation Law, La.R.S. 23:1226. Fourth, they contend that the trial court erred when they were required them to pay penalties and attorney fees.
First, the defendants contend that the trial court erred by summarily granting Ms. Weiss’s Motion to Enforce Settlement.
Nikon and Tokio contend that the trial court erred by summarily granting the plaintiffs Motion to Enforce Settlement. A motion for summary judgement may be granted when the moving party first presents a prima facie case that no genuine issues of material fact exist. Lozier v. Security Transfer and Investment Corp., 96-2690 (La.App. 4th Cir. 4/30/97), 694 So.2d 497. If the trial court determines that a genuine issue of material fact exists, summary judgement must be denied. Cressionnie v. Liberty Mutual Insurance Co., 98-0534 (La.App. 4 th Cir. 4/8/98), 711 So.2d 364. The appellate court should review summary judgement de novo under the same criteria that governed the trial court’s determination of whether summary judgement is appropriate. Guillory v. Interstate Gas Station, 94-1767 (La. 3/30/95), 653 So.2d 1152.
Nikon and Tokio argue that the Motion to Enforce Settlement should be considered similar to a motion for summary judgement for the purpose of making a ruling. The defendants assert that there are numerous issues of material fact in this |4case; therefore, an evidentiary hearing must be held to resolve this dispute. They cite Theatre Time Clock Co. v. Motion Picture Advertising Corp., 68-1117 (E.D.La.2/19/71), 323 F.Supp. 172, which held that a settlement agreement cannot be summarily enforced when the agreement is extremely complex and involves several issues.
Ms. Weiss, asserts that, although jurisprudence states that the court should hold an evidentiary hearing to enforce the settlement agreement, there is no requirement that an evidentiary hearing be held to enforce a settlement agreement.
The trial court summarily granted Ms. Weiss’s Motion to Enforce Settlement. The defendants did not submit any evidence to support their argument that *88 there existed genuine issues of material fact, which would necessitate a hearing on the claimant’s motion. The trial court, both during the two years while the motion was pending and post argument, afforded Nikon and Tokio an opportunity to present evidence of material issues of fact. They failed to produce any evidence which would necessitate having a hearing on the claimant’s motion. For these reasons, the defendants’ argument that summary proceedings were improper in this matter is without merit.
Second, the defendants argue that the trial court judgement compelling them to pay past medical expenses is beyond the scope of the settlement agreement.
Nikon and Tokio argue that the trial court erred when it compelled them to pay past medical expenses which were not specified in the settlement agreement. A settlement agreement or compromise is a contract between parties, and it is subject to the rules of conventional obligations. Addison v. Regional Transit Authority, 97-2289 (La.App. 4 th Cir. 12/3/97), 703 So.2d 810. When the words of a contract are unambiguous, explicit, and lead to no absurd circumstances, no | ¿further interpretation may be made in search of the parties’ intent. Id. The appellate court’s review is governed by the manifest error, or clearly erroneous standard in a worker’s compensation case. Miller v. City of New Orleans, 95-1005 (La.App. 4 th Cir. 12/4/95), 665 So.2d 1293. In the absence of manifest error, a trial court’s finding may not be set aside by the court of appeal unless it is clearly erroneous. Id.
The defendants contend that the settlement agreement requires them to pay all medical expenses that are reasonable and necessary and related to the original accident for five (5) years beginning with the date the settlement agreement was approved. They contend that there are no statements in the settlement agreement which indicate that they agreed to pay other past medical expenses not specifically included in the agreement.
In contrast, Ms. Weiss insists that payment of past medical expenses was contemplated by the settlement agreement. She cites Louisiana Civil Code Article 2050, which states that “a provision in a contract must be interpreted against the party who furnished its text.” Any ambiguity within a contract is a proper determination for the judge because it is a question of law. Therefore, any doubt as to the interpretation of words within the agreement that are susceptible of diverse meanings must be reasoned in favor of Ms. Weiss and against Nikon and Tokio. We Agree.
Further, in her answer to the defendants’ appeal, Ms. Weiss prays that the amended judgement be affirmed and further prays that the judgement appealed from be modified to increase the amount of medical expenses to include all medical expenses through five years from the approval date of the settlement agreement.
1 fiA plaintiff in a workers’ compensation case is not entitled to a judgement for future medical expenses until the costs are incurred. Vallelungo v. City of New Orleans, 95-0264 (La.App. 4 th Cir. 5/1/96), 673 So.2d 1292. Ms. Weiss has expended $1,442.97 on prescriptions; $5,912.86 on mileage; $210.00 on co-payments, and $8,845.45 on physicians. Our review of the record indicates that Ms. Weiss’s past medical expenses are $16,-411.28. These expenditures were calculated from the claims that Ms. Weiss submitted to the defendants. Judicial interest on weekly workers’ compensation benefits should be calculated from the date compensation was due, rather than the date of judicial demand. Watson v. Louisiana Paving Company, 83-230 (La.App. 3rd Cir. 11/9/83), 441 So.2d 31.
Judge Toombs opined that, under the facts of the present case, Ms. Weiss should be entitled to recover the past medical expenses she has incurred and the cost of *89 future medical expenses. Nikon and Tokio admit that some of the medical bills have not been paid because they were not submitted. The trial court reasoned that Ms. Weiss had proven with competent evidence that her medical bills were submitted on several occasions. The trial court required the defendants to pay all medical expenses. We Agree.
Accordingly, we find that Ms. Weiss is entitled to $16,411.28 in past medical expenses and interest from the due date of each expense, in addition to the award of future medical expenses.
Third, the defendants contend that the trial court judgement compelling them to pay rehabilitation expenses is ambiguous.
Nikon and Tokio argue that Judge Toombs’s Order finding that the claimant is entitled to vocational rehabilitation is erroneous and ambiguous. They contend that their obligation under the settlement agreement to pay rehabilitation expenses |7is limited to those opportunities listed in The Louisiana Workers’ Compensation Law, La. R.S. 23:1226.
Ms. Weiss contends that since Judge Thompson approved the settlement agreement on March 6, 1996, the defendants have refused to pay for any vocational rehabilitation expenses that have been requested. She also argues that under La. R.S. 23:1226, she should be provided with a short term retraining program or a long term retraining program because she is only physically able to perform limited jobs. Ms. Weiss further maintains that she is entitled to vocational rehabilitation and retraining necessary to return her to employment at a similar level of pay doing similar work. Finally, in her answer to the defendants’ appeal, Ms. Weiss prays that the judgement appealed from be modified to increase the amount of damages awarded for vocational rehabilitation services to include the cost of retraining and temporary disability benefits during the period of retraining.
The trial court held that the defendants had not submitted any evidence of their efforts to provide vocational rehabilitation, nor had they given plausible reasons for their failure to do so. Judge Toombs ordered that Ms. Weiss receive vocational rehabilitation immediately at a facility recommended by her treating physician.
An employer must provide rehabilitation services when an employee suffers an injury and is precluded from earning wages that he earned prior to his injury. Smirnov v. Alexandria Coca-Cola Bottling Co., 95-205 (La.App. 3 rd Cir. 10/4/95), 663 So.2d 227 writ denied 95-2689 (La.1/12/96) 666 So.2d 323. Under La. R.S. 23:1226, an employer is not the only entity which is empowered to select vocational rehabilitation for an injured employee. See Batiste v. Capitol Home Health, 96-799 (La.App. 3rd Cir. 5/7/99), 699 So.2d 395.
|sThe trial court did not commit manifest error in ordering Ms. Weiss to receive vocational rehabilitation at a facility recommended by her treating physician at the employer’s expense. Finding no error, this assignment of error is without merit. Finally, we deny Ms. Weiss’s answer to the appeal seeking additional rehabilitation assistance. Ms. Weiss’s vocational rehabilitation is subject to the recommendation of her treating physician.
Fourth, the defendants argue that the trial court erred when it awarded judgement to Ms. Weiss for penalties and attorney fees.
Nikon and Tokio assert that Ms. Weiss was not entitled to a judgment for penalties or attorney fees. They argue that, under La. R.S. 23:1201(G) is not applicable to this case because Section 1201(G) provides that penalties are not available if a defendant refuses to pay any award within thirty (30) days after it becomes due. The defendants argue that Section 1201(G) requires an “award.” In this case, they argue there was no “award” because the parties reached a settlement *90 agreement; therefore, the defendants argue that Section 1201(G) does not apply and penalties or attorney fees are not allowable. Additionally, Nikon and Tokio submit that under La. R.S. 23:1271, a lump sum or compromise settlement will discharge all obligations under the Act, including obligations under Section 1201 or any relevant part of the Act which addresses penalties and attorney fees. They assert that they are released from obligations to pay penalties and attorney fees because they reached a compromise settlement with Ms. Weiss.
In her answer to the defendants’ appeal, Ms. Weiss requests that the judgement be modified to increase the amount of penalties in the amount of $4,812.00 (which represents the cost to the plaintiff to refinance her home) and increase the amount of penalties to 24% of all unpaid medical expenses, 19pharmaceutical expenses, and rehabilitation services. Ms. Weiss contends that Nikon and Tokio have arbitrarily and capriciously refused to pay any benefits.
PENALTIES
When the facts negate probable cause for nonpayment of claimant’s compensation, penalties should be imposed. Fallen v. New Orleans Police Department, 97-0022 (La.App. 4th Cir. 7/23/97), 697 So.2d 1077. Under La. R.S. 23:1201(F), the failure to timely pay benefits shall result in a penalty of twelve percent of any unpaid compensation or fifty dollars per calendar day, whichever is greater; however, the fifty dollars a day penalty shall not exceed $2,000.00. The award of penalties and attorney fees in a worker’s compensation case is a finding of fact, and the award should not be disturbed unless it is clearly erroneous. Able v. Able, 97-1042 (La.App. 4th Cir. 11/19/97), 703 So.2d 756.
The trial court held that the defendants were arbitrary and capricious, and without probable and/or reasonable cause, failed to pay the terms and conditions of the settlement agreement. The trial court awarded Ms. Weiss penalties in the amount of $3,000.00 or 24% of outstanding medical bills, whichever was greater.
We find no abuse of the trial court’s awarding of penalties in the amount of $3,000.00 or 24% of outstanding medical bills, whichever was greater. We deny Ms. Weiss’s answer to the appeal for additional penalties.
ATTORNEY FEES
La. R.S. 23:1201.2 provides that an employer/insurer is subject to attorney fees when the discontinuance of the payment of claims are found to be arbitrary, capricious, or without probable cause. The degree of skill and ability exercised, the amount of the worker’s compensation claim, the amount recovered for the plaintiff, and the amount of time devoted to the case are all factors to be considered in 1 ^determining the amount of attorney fees to be awarded. Watson v. Louisiana Paving Co., 83-230 (La.App. 3 rd Cir. 11/9/83), 441 So.2d 31. An increase in attorney fees is usually awarded, provided that the claimant has requested an increase in accordance with proper appellate procedure, when the employer appeals, obtains no relief, and the appeal has required additional work of the claimant’s counsel. Miller v. City of New Orleans, 95-1005 (La.App. 4 th Cir. 12/14/95), 665 So.2d 1293.
The trial court awarded attorney fees in the amount of $3,000.00 to her present attorney, and $1,500.00 to her former attorney. Ms. Weiss requests the judgement appealed from be modified to increase the amount of attorney fees from $4,500.00 to $60,000.00. In addition, she also requests that Nikon and Tokio be condemned to pay the legal costs in the trial court and in this appeal.
Ms. Weiss cites Johnson v. Vinson Guard Service, Inc., 92-2187 (La.App. 1st Cir. 3/11/94), 636 So.2d 914, as persuasive authority for an increase in the award of *91 attorney’s fees. In Johnson, the Court awarded $40,000.00 in attorney fees; however, Johnson’s counsel had represented him in three trials, three appeals, request for rehearing, and writ of application to the La. Supreme Court. In contrast, Ms. Weiss’s present attorney only began representing Ms. Weiss during the Motion to Enforce Settlement and currently represents Ms. Weiss in this appeal. Ms. Weiss’s present attorney should be compensated for her time and effort expended representing Ms. Weiss in this appeal.
Accordingly, we affirm the award of attorney fees in the amount of $4,500.00. Further, we grant the answer to this appeal and further award Ms. Weiss an additional $3,000.00 in attorney fees for this appeal.
| n Finally, in her answer to the defendants’ appeal, Ms. Weiss also requests that the judgement be modified to increase the amount of judicial interest to include legal interest on damages owed plus legal interest on the penalties and attorney fees awarded. In Sterling v. Orleans Parish School Board, 96-0170 (La.App. 4 th Cir. 6/26/96), 679 So.2d 167, this Court held that legal interest on attorney fees that is awarded by the hearing officer shall bear judicial interest from the date of judgement. Therefore, we amend the judgement to include legal interest on the award of penalties and attorney fees from the date of judgement.

DECREE

The judgement of the trial court was supported by the record and the evidence presented. Accordingly, this Court amends the judgement of the trial court and awards Ms. Weiss $16,411.28 in past medical expenses due at this time, in addition to the award of future medical expenses. The judgement is further amended to award an additional $3,000.00 to Ms. Weiss for attorciey fees for this appeal. We further amend the judgement to grant legal interest for penalties and attorney fees awarded from the date of judgement. Finally, the judgement of the trial court is affirmed as amended. All costs of this appeal are assessed to the appellants.

AMENDED AND AFFIRMED AS AMENDED.