I .LANDRIEU, Judge.
Defendant, Transit Management of Southeast Louisiana d/b/a/ Regional Transit Authority [“RTA”], appeals the trial court’s judgment awarding plaintiff, Myrna Surtain, $350.00 in attorney’s fees plus $15.00 in costs incurred by her in bringing a motion to compel settlement. Finding merit in the RTA’s appeal, we reverse.
Plaintiffs personal injury suit against the RTA was settled prior to trial. When she did not receive the settlement funds after a lapse of sixty days, plaintiff filed a Motion to Compel Settlement and for Sanctions. On the day of the hearing, the RTA tendered the settlement funds, but did not oppose the motion. Plaintiffs counsel argued the motion, and the trial court granted it, awarding plaintiff attorney’s fees and costs. On appeal, the RTA contends that the trial court erred by awarding plaintiff attorney’s fees to which she is not legally entitled.
Attorney’s fees are not recoverable unless specifically provided by contract or statute. Addison v. Regional Transit Authority, 97-2289, 97-2376 (La.App. 4 Cir. 12/3/97), 703 So.2d 810.
12There is no formal settlement document between the parties herein. The only indicia of settlement are two letters exchanged between counsel, neither of which contains any specifics other than acknowledgement of settlement in the amount of $7,100.03. As the correspondence is silent with regard to attorney’s fees in the event of judicial intervention to compel settlement, there is no contractual authorization for the trial court’s award.
However, in support of her request for attorney’s fees in the trial court and on appeal, plaintiff contends that as a self-insured, the RTA owes the same duty of good faith and fair dealing in settling claims that is statutorily imposed upon insurers. Under this analogy, La. R.S. 22:1220 would allow the imposition of attorney’s fees in the event of a breach by the RTA of this duty. Regarding an insurer that has breached its duty of good faith by failing to pay a settlement timely (within thirty days after the agreement has been reduced to writing), La. R.S. 22:1220 provides in pertinent part:
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages *638 sustained or five thousand dollars, whichever is greater...
In Hebard v. Dillon, 97-0221 (La.App. 4 Cir. 9/3/97), 699 So.2d 497, this court specifically held that La. R.S. 22:1220 does not apply to the RTA in the same factual situation presented herein. We therefore find no merit in plaintiffs argument.
I ¡¡Because there is neither contractual nor statutory authority for the trial court’s award of attorney’s fees and costs, the judgment of that court is hereby reversed.
REVERSED.
PLOTKIN, J., DISSENTS WITH WRITTEN REASONS.
McKAY, J., DISSENTS.