1CHARLES R. JONES, Judge.
The Appellants, Raymond Hart and Louisiana Workers’ Compensation Corporation, appeal the judgment of the Worker’s Compensation Court finding Mr. Hart was arbitrary and capricious in erroneously calculating the weekly wages of Fred C. Troutman, thus assessing Mr. Hart with penalties and attorney fees. We affirm.
Mr. Hart employed Mr. Troutman as a truck driver and paid Mr. Troutman thirty percent of what each truck made for each load hauled. On February 10, 1997, Mr. Troutman was injured in a work related accident. At the time of the accident, Mr. Hart was insured by the Louisiana Workers’ Compensation Corporation (hereinafter the “LWCC”). Mr. Troutman testified at trial that his wages varied from week to week, but that he averaged $600 weekly which was paid to him in cash. The testimony of Mr. Troutman further revealed that he had been employed by Mr. Hart for two to three months when the accident occurred.
Mr. Troutman was paid worker’s compensation benefits from February 12, 1997 through May 4, 2000. The weekly amount initially paid was $200, but was 1 ¡re-calculated and increased to $218.99. Coverage was also provided for medical expenses related to his back injury.
*958 On March 7, 2001, Mr. Troutman filed a claim with the Office of Workers’ Compensation seeking additional benefits. He argued that his weekly compensation benefits were incorrect because his salary had not been calculated according to his earnings of $600 per week. In addition to seeking an increase in the compensation rate, Mr. Troutman requested penalties and attorney fees for the unexplained calculation error of Mr. Hart. Finally, he sought additional medical benefits for his deteriorated medical condition and his need for surgery.
Following trial, the workers’ compensation court concluded that Mr. Troutman’s testimony was credible and unrefuted and that the correct average weekly wage was $600. Because Mr. Hart had calculated Mr. Troutman’s compensation rate based upon an incorrect weekly wage, Mr. Hart was found to be arbitrary and capricious, and was assessed penalties and attorney fees. The workers’ compensation court further found that Mr. Troutman was not entitled to additional medical expenses, finding that the aggravation of his back injury was due to a subsequent unrelated accident which occurred on July 24, 2000.
The workers’ compensation court rendered judgment on June 17, 2002. This appeal was timely filed by Mr. Hart and the LWCC.
Mr. Hart argues that Mr. Troutman presented no evidence to support his claim that he earned $600 per week, and insufficient evidence to find that the $218.99 paid to Mr. Troutman was incorrect. Mr. Hart contends that the workers’ compensation court erred in determining the amount to be incorrect.
laThe parties agree that Mr. Troutman was a commissioned employee and that the statute applicable to calculating his wages is La. R.S. 23:1021(d). The version of the statute, in effect on the date of this accident, reads as follows:
(d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during the said twenty-six week period and multiplied by four; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by four. (Emphasis added)
Mr. Hart further argues, however, that because Mr. Troutman worked for less than twenty-six weeks and offered no documentary evidence as to the actual gross earnings or the actual number of days worked during his period of employment, there was insufficient information to calculate the average weekly wage pursuant to the statute.[1] Therefore, he contends that Mr. Troutman failed to carry his burden of *959 presenting competent evidence to support his claim.
Mr. Hart and the LWCC further argue that because there was no way to determine the average weekly wage, the workers’ compensation court erred in concluding that the compensation paid to Mr. Troutman was incorrect. Moreover, without sufficient evidence to calculate weekly wages, Mr. Hart contends that the ^workers’ compensation court erred in finding that he was arbitrary and capricious in his calculation of Mr. Troutman’s compensation rate.
Mr. Hart cites Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.03/04/98), 708 So.2d 375, for the position that all findings of the workers’ compensation judge must be based on compétent evidence. The appellate court’s role, as asserted by appellants, is to apply the manifest error standard by determining whether the lower court’s factual findings were reasonable and supported by competent evidence in the record. With regard to appellee, appellants contend that the judgment of the workers’ compensation judge was not based on competent evidence and was therefore manifestly erroneous.
Mr. Troutman argues, on the other hand, that his testimony, together with the post-trial affidavit, was unchallenged and specifically determined to be credible by the workers’ compensation judge. He further asserts that because the decision of the workers’ compensation judge was based on a credibility assessment and findings of fact, it should not be overturned.
Factual findings in workers’ compensation cases are subject to the manifest error or clearly-wrong standard of appellate review. In applying the manifest error, clearly-wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Seal v. Gaylord Container Corp., 97-0688 (La.12/02/97), 704 So.2d 1161; Banks v. Industrial Roofing & Sheet Metal Works, 96-2840 (La.7/1/97), 696 So.2d 551, 556. “Thus, if the [factfin-der’s] findings hre reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence | ¡^differently.” Seal; Banks, quoting Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
La.’ R.S. 23:1317 mandates that the hearing officer’s factual findings be based on “competent evidence” and reads, in pertinent part, as follows:
Each party shall have the right to be present at any hearing or to appear through an attorney. The hearing officer shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself. The hearing officer shall decide the merits of the controversy as equitably, summarily, and simply as may be. (Emphasis added).
Workers’ compensation judges have the discretion to admit evidence that would otherwise be inadmissible under the Code of Evidence. Rhone v. Boh Bros., 2001-0270 (La.App. 4 Cir.12/12/01), 804 So.2d 764; Chaisson. As the Louisiana Supreme Court explained in Chaisson:
[T]he hearing officer has the discretion to admit evidence that would oth *960 erwise be inadmissible under the Louisiana Code of Evidence. This more relaxed standard for the admissibility of evidence is the general rule in proceedings before administrative agencies. McCormick on Evidence § 352 (4th ed.1992). The legislative requirement that a hearing officer’s factual findings be based upon competent evidence is the safeguard that ensures that the factual findings are made on evidence that has some degree of reliability and trustworthiness, notwithstanding that the evidence might fall outside of the technical rules for admissibility. Therefore, when a reviewing court evaluates the factual findings of a hearing officer under the manifest error standard, it must determine whether the factual findings are reasonable and supported by | ficompetent evidence in the record. Although the Legislature has not defined “competent evidence,” in order to give the relaxed evidentiary standard in LSA-RS 23:1317 effect, it must not be defined so narrowly as to mean only evidence that would fall within the parameters of the Louisiana Code of Evidence. If the hearing officer’s factual findings are reasonably supported by competent evidence, then the reviewing court must affirm them, (emphasis in original).
Id at p. 10.
In the instant case, the workers’ compensation judge relied on the testimony of Mr. Troutman, as there was no documentary evidence presented to the judge. Based on what was determined to be credible evidence, the workers’ compensation judge found that Mr. Troutman’s rate of compensation should have been calculated from a weekly wage of $600. We do not find manifest error with the factual findings of the workers’ compensation judge.
La. R.S. 23:1201(E) allows for an award of penalties and attorney fees to a workers’ compensation claimant that has been arbitrarily and capriciously denied benefits. The imposition of such penalties is a factual determination and will not be disturbed on appeal absent a finding of manifest error. McCray v. Commercial Union Ins. Co., 618 So.2d 483 (La.App. 4 Cir.1993). In the present case, the workers’ compensation judge stated in the “Findings of Fact” that the appellants were “arbitrary and capricious in their refusal to correctly calculate claimant’s indemnity payments.” Penalties and attorney fees, each in the amount of $2,000 were awarded. After a review of the entire record, this Court finds the decision to assess penalties and attorney fees against the appellants to be correct and reasonable.
|7FinaIly, Mr. Troutman has requested an additional award of penalties and attorney fees for defending this appeal. An increase in attorney fees in workers’ compensation cases is generally allowed when the defendant appeals and obtains no relief on appeal, when the appeal necessitates additional work on the part of appellee’s attorney and when the appellee properly requests such relief. Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736 (La.App. 1 Cir.1989); Miller v. City of New Orleans, 95-1005 (La.App. 4 Cir. 12/14/95), 665 So.2d 1293; Tillmon v. Thrasher Waterproofing, 2000-0395 (La.App. 4 Cir. 3/28/01), 786 So.2d 131; Weiss v. Nikon, Inc., 99-0111 (La.App. 4 Cir. 9/22/99), 745 So.2d 84. The foregoing conditions are present in this appeal. Mr. Troutman’s attorney expended time and effort in preparing a reply brief to this appeal and accordingly, an award of additional attorney fees is warranted.
*961 Decree
For the reasons stated herein, the judgment of the workers’ compensation court is affirmed. Further, Mr. Troutman is awarded additional attorney fees in the amount of $1,500 for the work performed in connection with this appeal. All costs are assessed to the Appellants.
AFFIRMED.

. Within the time allowed by the workers’ compensation court, Mr. Troutman filed a Post-Trial Brief and Motion to Supplement his trial testimony. This motion contained an affidavit wherein Mr. Troutman attested to the fact that he worked for the appellant for three months, averaging five days per week. The trial testimony lacked this specific information and was therefore added by affidavit. The Motion to Supplement was accepted by the workers’ compensation court.